OPINION
{¶ 1} Appellant Olga Dunina, pro se, appeals a decision of the Miami County Court of Common Pleas, General Division, which sustained the motion for summary judgment of appellee Mark Stemple on May 16, 2008. In its decision and entry, the trial court declared Dunina to be a vexatious litigator as defined by R.C. § 2323.52. Dunina filed a timely notice of appeal with this Court on June 6, 2008. *Page 2 
 I {¶ 2} On October 19, 2006, Stemple filed a complaint in which he requested that Dunina be named a vexatious litigator. The complaint stated that since 2004, Dunina has instituted approximately eight or more lawsuits in Montgomery and Miami Counties in which she employed at least nine different attorneys. The complaint further stated that through a variety of motions, requests, memoranda, and other pleadings, Dunina had engaged in vexatious litigation by committing 1) conduct merely serving to harass or maliciously injure another party in a civil action; 2) conduct not warranted under existing law that cannot be supported by a good faith argument for an extension, modification, or reversal of the law; and 3) conduct imposed solely for delay.
 {¶ 3} After the discovery phase of the suit was conducted, Stemple filed a motion for summary judgment on April 4, 2008, to which he attached 41 exhibits outlining Dunina's vexatious conduct. On April 9, 2008, Dunina filed a "Motion to Deny Kirkland/Stemple [sic] Motion For Summary Judgment." While purporting to be a memorandum in opposition to Stemple's motion for summary judgment, Dunina's motion, among other things, requested that the trial court order that Stemple submit to PET brain scans to determine his brain pathology. The motion also personally attacked Stemple's current attorney, James R. Kirkland, as well as Stemple's former attorney, Trisha Duff. Dunina requested that Kirkland be removed from the case because he, according to Dunina, was not acting in Stemple's best interest and had violated unspecified federal, state, and local laws. In other documents attached to the memorandum in opposition, Dunina alleged that Trisha Duff kidnaped Stemple and forced him to move to Florida. Dunina also alleged that Stemple has engaged in male prostitution, as well as illegal *Page 3 
drug and firearm trafficking. Dunina also opined that attorneys Duff and Kirkland both suffer from unspecified damage to the frontal lobes of their brains. In her memorandum, Dunina requested that Stemple's motion for summary judgment be denied; however, she did not present any relevant evidence which established that a genuine issue existed regarding Stemple's request that she be designated a vexatious litigator. On May 16, 2008, the trial court sustained Stemple's motion for summary judgment and declared Dunina to be a vexatious litigator pursuant to R.C. § 2323.52.
 {¶ 4} It is from this judgment that Dunina now appeals.
 II {¶ 5} An appellate court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105,671 N.E.2d 241. We apply the same standard as the trial court, viewing the facts in the case in a light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-WoodwardCo. (1983), 13 Ohio App.3d 7, 12, 467 N.E.2d 1378.
 {¶ 6} Pursuant to Civil Rule 56(C), summary judgment is proper if:
 {¶ 7} "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267. To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any *Page 4 
material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293,662 N.E.2d 264. The non-moving party must then present evidence that some issue of material fact remains for the trial court to resolve.Id.
 III {¶ 8} Initially, it should be noted that Dunina has failed to comply with the requirements of Rule 16 of the Ohio Rules of Appellate Procedure. Pursuant to App. R. 16(A)(3) (4), an appellate brief must contain a statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected, as well as a statement of the issues presented for review. While Dunina's brief does contain a table of contents wherein she designates sections VI. and VII. of her brief as "Statement of the assignment of Errors" and "Arguments With Repsect to the Assignment of Errors," neither section exists within the body of the brief. Lastly Dunina's brief fails to provide any supporting legal or factual citations as required by App. R. 16(A)(7).
 {¶ 9} "Litigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standard as other litigants." Yocum v. Means, Darke App. No. 1576, 2002-Ohio-3803. A litigant proceeding pro se "cannot expect or demand special treatment from the judge, who is to sit as an impartial arbiter." Id. (Internal citations omitted).
 {¶ 10} Under App. R. 12(A)(2), an appellate court may refuse to consider her assigned error. The rules are applicable to all parties whether or not they proceed on a pro se basis. While we are mindful that such omissions authorize this court to either strike Dunina's brief or sua sponte dismiss her appeal for failure to comply with the Appellate Rule 16, in the interests *Page 5 
of justice, we will review the merits of Dunina's claims.
 {¶ 11} Essentially, Dunina argues that the trial court judge who declared her to be a vexatious litigator suffered from damage to the frontal lobes of his brain. Because of the damage to his brain, the trial judge was unable to correctly interpret the issues involved in the case and committed "treason" against her. Thus, Dunina asserts that the case should be reassigned to "mentally sound, frontal lobes intact judge [sic]" for disposition.
 {¶ 12} Additionally, Dunina repeats the same arguments initially advanced in her memorandum in opposition in which she requests that Stemple, Kirkland, and Duff all submit to brain scans which she believes would reveal that all three are suffering from damage to their frontal lobes. She characterizes Kirkland and Duff as dishonest individuals who should be disbarred from the practice of law. Dunina accuses Duff of conspiring with her former attorneys to discontinue their representation of her. These arguments amount to baseless personal attacks in no way related to Stemple's motion for summary judgment. Although Dunina attached several news articles and transcript portions to her merit brief ostensibly in support of her assertions, none of the exhibits are relevant to the issue of whether the trial court erred when it declared Dunina to be a vexatious litigator. Simply put, Dunina has completely failed to provide us with any relevant arguments or other pertinent documentation which would create a genuine issue of material fact regarding whether she was properly designated a vexatious litigator. Even a cursory glance at the documentation provided by Stemple in his motion for summary judgment clearly establishes that Dunina has engaged in vexatious litigation by committing 1) conduct merely serving to harass or maliciously injure another party in a civil action; 2) conduct not warranted under existing law that cannot be supported by a good faith argument for an *Page 6 
extension, modification, or reversal of the law; and 3) conduct imposed solely for delay. R.C. § 2323.52.
 {¶ 13} In light of the foregoing analysis, we find that the trial court did not err when it sustained Stemple's motion for summary judgment and designated Dunina a vexatious litigator. The judgment of the trial court is affirmed.
WOLFF, P. J. and BROGAN, J., concur.
Copies mailed to:
James R. Kirkland
Olga Dunina
 Hon. John Schmitt *Page 1