[Cite as *Easterling v. Ameristate Bancorp., Inc.*, 2012-Ohio-636.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| WARREN EASTERLING | : | |
| | : | Appellate Case No. 24723 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 10-CV-5811 |
| v. | : | |
| | : | |
| AMERISTATE BANCORP., INC., et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellees | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 17th day of February, 2012.

. . . . . . . . . .

WARREN EASTERLING, 71 Arlington Avenue, Dayton, Ohio 45417
      Plaintiff-Appellant, *pro se*

GREGORY DEMOS, Atty. Reg. #0062819, Fowler, Demos and Stueve, 12 West South Street, Lebanon, Ohio 45036
      Attorney for Defendant-Appellees

. . . . . . . . . . . .

HALL, J.

{¶ 1}  Warren Easterling appeals pro se from the trial court's dismissal of his complaint against the appellees on the basis of res judicata.

{¶ 2}  Easterling advances two assignments of error on appeal. First, he contends the trial court erred in finding res judicata applicable. Second, he claims the

trial court erred in denying his Civ.R. 60(B) motion to vacate a judgment previously entered against him in another case.

{¶ 3} The record reflects that Easterling filed a nine-count, pro se complaint against the appellees on July 27, 2010.[1] Therein, he set forth claims for passing bad checks, theft, fraud, wrongful constructive termination, and perjury. (Doc. #1). The claims all stemmed from Easterling's employment as a mortgage loan officer for appellee Ameristate.[2]

{¶ 4} The bad-check claims involved allegations that the appellees issued Easterling commission checks that were returned for insufficient funds. One of the theft claims involved allegations that he was not paid commission for a closing that occurred after he quit his job. The other theft claims involved allegations that he received commission payments late due to checks being returned for insufficient funds. The fraud claim involved an allegation that the memo line on one check inaccurately characterized the payment as a "draw" rather than "commission." The constructive-termination claim involved allegations that Easterling's receipt of bounced checks caused mental anguish, financial hardship, and a hostile work environment that forced him to resign. Finally, the perjury claim challenged the accuracy of averments in an affidavit filed by appellee Daniel Dorko in a related case, *Easterling v. Ameristate Bancorp, Inc.*, Montgomery C.P. No. 2009 CV 8649.

---

[1] Parenthetically, we note that Easterling later attempted to file an amended complaint—without obtaining leave of court—that contained essentially the same allegations and the same causes of action. (See Doc. #27).

[2] For present purposes, we will refer to appellees Ameristate Bancorp and Ameristate Bancorp, Inc., collectively as "Ameristate." The other appellee is Daniel Dorko, an officer of Ameristate.

{¶ 5}  On August 18, 2010, the appellees moved to dismiss Easterling's complaint on res judicata grounds. In support, the appellees alleged that he previously sued them "regarding the same or similar claims, based upon the same set of operative facts," in *Easterling v. Ameristate Bancorp, Inc.*, Montgomery C.P. No. 2009 CV 8649. The trial court sustained the appellees' motion on June 30, 2011. (Doc. #31). It reasoned:

> Res judicata bars all subsequent actions that arise out of the same transaction, that is the same common nucleus of operative facts that was the subject of the previous litigation, even if the subsequent action relied on different claims, grounds, or theories for relief and different evidence in support of those theories. *Faulkner v. Conrad*, Montgomery App. No. 17277, 1999 Ohio App. LEXIS 586. In other words, a party cannot avoid the claim preclusive effect of res judicata by merely raising in a subsequent action different claims or theories for imposing liability and introducing different evidence to support those new theories. Id. The doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it. Id.

> All three elements of res judicata are present. Plaintiff brought a previous action against the Defendant; Montgomery County Case 2009 CV 08649. There was a final judgment on the merits of the previous action. Judge Mary Kate Huffman of this Court, issued a Decision, Order, and Entry Granting Defendant's Motion to Dismiss and Motion

for Summary Judgment on April 5, 2010. Finally, Plaintiff's claims in both 2009 CV 08649 and 2010 CV 05811 arose out of the same common nucleus of operative facts. Specifically, Plaintiff's employment with Defendant. The doctrine of res judicata bars Plaintiff's claims in 2010 CV 05811. (Doc. #31 at 2-3).

{¶ 6} Upon review, we agree with the trial court that res judicata applies here. In his prior lawsuit, Easterling brought claims against Ameristate and Dorko based on his receipt of checks that were returned for insufficient funds. That case also involved allegations that Easterling was not paid for a closing that occurred after he quit his job and that his receipt of the bounced checks caused him mental anguish and forced him to quit. See *Easterling v. Ameristate Bancorp, Inc.*, 2d Dist. Montgomery No. 23980, 2010-Ohio-3340. It is apparent to us that res judicata applies to Easterling's current claims, with one possible exception, because his prior lawsuit and this action "involve a common nucleus of operative facts." *U.S. Bank Natl. Assn. v. Gullotta*, 120 Ohio St.3d 399, 2008-Ohio-6268, 899 N.E.2d 987, ¶ 27.

{¶ 7} The only possible exception to the res judicata bar involves Easterling's perjury claim. In count nine of his complaint, Easterling alleges that Daniel Dorko committed perjury in the prior action when he made false averments in a summary-judgment affidavit. Easterling arguably could not have raised this as a separate claim in the prior action because it did not exist when he filed his complaint. It did not arise until shortly before the trial court entered judgment against him based, in part, on Dorko's affidavit. However, Easterling could have challenged the accuracy and "truthfulness" of the Dorko affidavit he now complains about in the previous

proceeding. Nevertheless, even if res judicata does not apply, it is well settled that "[p]erjury in a prior case cannot support a cause of action in a subsequent civil case." *Elliott v. Brown*, 2d Dist. Miami No. 10-CA-19, 2010-Ohio-5749, ¶ 12; *see also Costell v. Toledo Hosp.*, 38 Ohio St.3d 221, 223-24, 527 N.E.2d 858 (1988) ("[A]ppellants have essentially set forth allegations constituting perjury, subornation of perjury, and conspiracy to commit perjury, all of which are punishable under the criminal statutes but which, for public policy reasons, may not be the basis of a civil lawsuit."). Accordingly, Easterling's first assignment of error is overruled.

{¶ 8}  In his second assignment of error, Easterling claims the trial court erred in overruling his motion to vacate the final judgment entered against him in the prior case, *Easterling v. Ameristate Bancorp, Inc.*, Montgomery C.P. No. 2009 CV 8649. As noted above, this court affirmed that judgment in *Easterling v. Ameristate Bancorp, Inc.*, 2d Dist. Montgomery No. 23980, 2010-Ohio-3340.

{¶ 9}  In overruling Easterling's Civ.R. 60(B) motion, the trial court held that it lacked jurisdiction to grant him relief. (Doc. #26). We agree. The trial court plainly lacked jurisdiction, in this case, to vacate a final judgment in a different case that had been affirmed on appeal. Easterling's second assignment of error is overruled.

{¶ 10} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . .

GRADY, P.J., and FROELICH, J., concur.

Copies mailed to:

Warren Easterling
Gregory Demos
Hon. Frances E. McGee