THE STATE EX REL. LISBOA, APPELLANT, *v.* FUERST, JUDGE, APPELLEE.

[Cite as *State ex rel. Lisboa v. Fuerst,* 133 Ohio St.3d 76, 2012-Ohio-3913.]

*Vexatious litigators—Local rule of Eighth District Court of Appeals upheld—Determination of status as vexatious litigator upheld.*

(No. 2012-0388—Submitted August 22, 2012—Decided September 4, 2012.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 97856, 2012-Ohio-370.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals declaring appellant, Jose Lisboa Jr., to be a vexatious litigator under Loc.App.R. 23(B) of the Eighth District Court of Appeals. Lisboa's claims that the local appellate rule is unconstitutional or otherwise illegal lack merit. *See Mayer v. Bristow*, 91 Ohio St.3d 3, 740 N.E.2d 656 (2000), paragraph one of the syllabus (upholding the constitutionality of the comparable vexatious-litigator statute, R.C. 2323.52, by rejecting claims that the statute violated constitutional rights to due process and access to courts); *Grundstein v. Ohio*, N.D. Ohio No. 1:06 CV 2381, 2006 WL 3499990 (Dec. 5, 2006) (R.C. 2323.52 is not unconstitutionally vague and does not violate constitutional rights of due process or equal protection); *Thrower v. Montgomery*, N.D. Ohio No. 5:03CV775, 2006 WL 3692925 (Dec. 13, 2006) (upholding constitutionality of R.C. 2323.52); *see also* S.Ct.Prac.R. 14.5(B), which contains language similar to that of Loc.App.R. 23(B).

{¶ 2} Moreover, the court of appeals did not abuse its discretion by determining that Lisboa's claims for extraordinary relief in prohibition and mandamus were frivolous and that his filing of numerous meritless actions warranted its declaration that he is a vexatious litigator. 2012-Ohio-370, ¶ 3 ("It

must also be noted that Lisboa has continually taxed the limited resources of this court through the filing of over 22 appeals and 7 original actions over the past 7 years"). *See State ex rel. Bandarapalli v. Gallagher*, 128 Ohio St.3d 314, 2011-Ohio-230, 943 N.E.2d 1020, ¶ 1 (defective-indictment claim should be raised only by direct challenge in the ordinary course of law rather than in a collateral attack by extraordinary writ); *State ex rel. Barr v. Pittman*, 127 Ohio St.3d 32, 2010-Ohio-4989, 936 N.E.2d 43, ¶ 1 (speedy-trial claim is not cognizable in an extraordinary-writ action).

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

——————————

Jose C. Lisboa Jr., pro se.

William D. Mason, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.

——————————