[Cite as *Easterling v. Union Sav. Bank*, 2013-Ohio-1068.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE   COUNTY

| | | |
|---|---|---|
| WARREN EASTERLING | : | |
| | : | Appellate Case No. 2012-CA-52 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 10-CV-1267 |
| v. | : | |
| | : | |
| UNION SAVINGS BANK | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

· · · · · · · · · · ·

O P I N I O N

Rendered on the 22nd day of March, 2013.

· · · · · · · · · ·

WARREN EASTERLING, 71 Arlington Avenue, Dayton, Ohio 45417
      Plaintiff-Appellant, *pro se*

ANTHONY M. VERTICCHIO, Atty. Reg. #0084645, Keating, Muething & Klekamp PLL,
One East Fourth Street, Suite 1400, Cincinnati, Ohio 45202
      Attorney for Defendant-Appellee, Union Savings Bank

· · · · · · · · · · · ·

PER CURIAM

{¶ 1}    Warren Easterling appeals, pro se, from the trial court's entry of summary

judgment for Union Savings Bank, the appellee, declaring him a vexatious litigator under R.C.

2323.52. We affirm.

{¶ 2}     Between 2009 and 2011, Easterling filed four identical, pro se actions against the Bank, his former employer. In the third action (the present case), the Bank asserted a counterclaim asking the trial court to declare Easterling a vexatious litigator under R.C. 2323.52, the vexatious-litigator statute. Both parties moved for Summary Judgment on the plaintiff's original cause of action. By Judgment Entry filed June 7, 2011, the trial court granted the defendant's summary judgment motion and overruled the plaintiff's motion for summary judgment, and reserved consideration of the vexatious litigator counterclaim.  Both parties moved for summary judgment on the counterclaim. The trial court held a hearing and, on July 20, 2012, entered judgment granting the Bank's summary-judgment motion, denying Easterling's summary-judgment motion, and declaring Easterling to be a vexatious litigator. By Decision and Entry filed October 18, 2012, we limited this appeal to  a challenge of the trial court's order that declared Easterling to be a vexatious litigator.

{¶ 3}     The vexatious-litigator statute provides that to institute legal proceedings in a court of appeals a vexatious litigator must first obtain leave from the court of appeals. R.C. 2323.52(F)(2). Accordingly, Easterling moved for leave to appeal from the trial court's judgment. We granted him leave but limited his appeal "to that part of the trial court's order that declared him to be a vexatious litigator under R.C. 2323.52." Emphasizing the narrowness of the permissible appeal, we said, "our decision to grant Easterling leave to proceed is limited to the above-captioned appeal, which stems only from the trial court's July 20, 2012 order, and specifically, that declares Easterling to be a vexatious litigator under R.C. 2323.52."

{¶ 4}     We review for error only the vexatious-litigator declaration. Easterling presents eleven assignments of error. Many of the assignments of error and their supporting

arguments concern issues that are beyond the scope we established for this appeal.[1] We address only the issues he raises (and consider his arguments on those issues) that are related to the declaration. There are two such issues–the constitutionality of the vexatious-litigator statute and the declaration itself.

## The Constitutionality of R.C. 2323.52

{¶ 5}    Easterling, in the eighth assignment of error, argues that the vexatious-litigator statute violates the Tenth Amendment to the U.S. Constitution, the Supremacy Clause, and federal statutes.[2] We disagree.

---

[1] On the third page of argument in Easterling's reply brief, he acknowledges that he has ignored the established scope of appeal, and he cautions that further legal action may result: "In accordance with due process, the appellant has taken the liberty to appeal each and every issue argued in the trial case to prove the steps taken by the trial court was deeply flawed and reckless and therefore the final decision by the court was flawed and reckless. ANY ATTEMPT BY THIS COURT TO INJURE THE APPELLANTS [sic] RIGHTS OF DUE PROCESS IN THE INSTANT APPEAL WILL BE MET WITH FEDERAL LAWSUITS SEEKING INJUNCTIVE RELIEF along with personal lawsuits seeking monetary damages because an honorable judge is fully aware of his/her obligation and compulsion to obey the law of the land."

[2] Easterling also alleges "[a]ny judgment based upon 2323.52 of The Ohio Revised Code represents an unauthorized practice of law." He makes no argument in support of this statement. Therefore, pursuant to App.R. 12(A)(2) we disregard it.

**{¶ 6}** The Tenth-Amendment argument contends that the vexatious-litigator statute "limit[s] an individual[']s right to liberty and justice and due process" under the Fourteenth Amendment.[3] The Ohio Supreme Court has held that "R.C. 2323.52, the vexatious litigator statute, is constitutional in its entirety." *Mayer v. Bristow*, 91 Ohio St.3d 3, 740 N.E.2d 656 (2000), at paragraph one of the syllabus. In doing so, the Court concluded that the statute does not violate due process. *State ex rel. Lisboa v. Fuerst*, 133 Ohio St.3d 76, 2012-Ohio-3913, 975 N.E.2d 995, ¶ 1 (citing *Mayer* as "upholding the constitutionality of * * * R.C. 2323.52, by rejecting claims that the statute violated constitutional rights to due process and access to courts"); *Lasson v. Coleman*, 2d Dist. Montgomery No. 21983, 2008-Ohio-4140, ¶ 55 (saying that *Mayer* rejected appellant's due-process argument challenging the constitutionality of the vexatious-litigator statute). The vexatious-litigator statute does not violate due process.

**{¶ 7}** The Supremacy-Clause and federal-statutes arguments are intertwined. The Supremacy Clause gives "the United States Congress * * * the power to preempt state laws." (Citation omitted.) *Girard v. Youngstown Belt Ry. Co.*, 134 Ohio St.3d 79, 2012-Ohio-5370, 979 N.E.2d 1273, ¶ 13. State law can be preempted "when the state law actually conflicts with federal law." *Talik v. Fed. Marine Terminals, Inc.*, 117 Ohio St.3d 496, 2008-Ohio-937, 885 N.E.2d 204, ¶ 23. Such a conflict exists "when compliance with both state and federal requirements is impossible." (Citation omitted.) *Id.* Easterling contends that the vexatious-litigator statute violates the Supremacy Clause because it conflicts with 42 U.S.C. 1985.

**{¶ 8}** The vexatious-litigator statute allows a person who has defended against

---

[3]Easterling also bases this contention on the Fifth Amendment, but the due process clause of that amendment applies only to the federal government. It is the due-process clause in the Fourteenth Amendment that explicitly applies to the states.

habitual and persistent vexatious conduct to ask a trial court to declare the person who allegedly engaged in that conduct a vexatious litigator. R.C. 2323.52(B). "Section 1985 provides a private civil remedy for individuals injured by conspiracies to deprive them of their right to equal protection under the laws." *Greene v. Cincinnati*, 1st Dist. Hamilton No. C-070830, 2008-Ohio-4908, ¶ 26, citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-103, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). Easterling asserts that the two statutes conflict because the vexatious-litigator statute deprives a person of rights or privileges granted to U.S. citizens.

**{¶ 9}** There is no conflict between these two statutes, which apply in vastly different arenas. The vexatious-litigator statute does not violate due process. Nor does it violate equal protection. The Ohio Supreme Court has concluded that the statute's classification provisions have a rational basis. *Lasson* at ¶ 55, citing *Mayer*, 91 Ohio St.3d 3, 740 N.E.2d 656. For this reason, an equal-protection challenge to the vexatious-litigator statute must fail. *Id.* We note too that the Court has cited approvingly a federal district court's conclusion that "R.C. 2323.52 * * * does not violate constitutional rights of due process or equal protection." *Lisboa*, 133 Ohio St.3d 76, 2012-Ohio-3913, 975 N.E.2d 995, at ¶ 1, citing *Grundstein v. Ohio*, N.D. Ohio No. 1:06 CV 2381, 2006 WL 3499990 (Dec. 5, 2006). The vexatious-litigator statute does not violate the Supremacy Clause or 42 U.S.C. 1985(3).

**{¶ 10}** The eighth assignment of error is overruled.

### The Declaration that Easterling is a Vexatious Litigator

**{¶ 11}** The trial court entered summary judgment for the Bank on its vexatious litigator claim. "An appellate court reviews an award of summary judgment de novo." *Stemple v. Dunina*, 2d Dist. Miami No. 2008 CA 14, 2008-Ohio-5524, ¶ 5, citing *Grafton v. Ohio*

*Edison Co.*, 77 Ohio St .3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is proper if "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977), citing Civ.R. 56(C). To prevail on a summary-judgment motion, the moving party "must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Stemple* at ¶ 7, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). If the moving party can do this, "[t]he non-moving party must then present evidence that some issue of material fact remains for the trial court to resolve." *Id.*, citing *Dresher* at 293.

{¶ 12} The key vexatious-litigator terms are defined by the statute itself. A "vexatious litigator" is "any person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court, whether the person or another person instituted the civil action or actions, and whether the vexatious conduct was against the same party or against different parties in the civil action or actions. * * *" R.C. 2323.52(A)(3). "Vexatious conduct" includes a party's civil-action conduct that "(a) * * * obviously serves merely to harass or maliciously injure another party to the civil action" or that "(b) * * * is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law." R.C.

2323.52(A)(2). "Conduct" includes filing a civil action or asserting a claim, defense, or other position. R.C. 2323.51(A)(1)(a).[4] The trial court concluded that Easterling is a vexatious litigator based on evidence that he has filed four separate but identical actions against the Bank in the Greene County Common Pleas Court.[5]

{¶ 13} Easterling filed the first action in December 2009 (Case No. 2009 CV 1357) and asserted two employment claims–wrongful termination and fraudulent employment. The trial court dismissed both claims under Civ.R. 12(B)(6). Easterling did not appeal. Easterling filed the second action against the Bank in April 2010 (Case No. 2010 CV 0375) and asserted the same two claims that the trial court dismissed in the first action. The court dismissed both claims again under Civ.R. 12(B)(6). And it dismissed them on the ground that they were barred by res judicata. This time Easterling appealed. We affirmed. *Easterling v. Union Sav. Bank*, 2d Dist. Greene No. 10-CA-39, 2010-Ohio-4753. In our review, we "compare[d] every part of the text of Easterling's 2010 complaint with the counterpart text of Easterling's 2009 complaint." *Id.* at ¶ 13. Our review "confirm[ed] the conclusion of the trial court. Easterling's 2009 and 2010 complaints against Union Savings Bank are indistinguishable in any material

---

[4] The vexatious-litigator statute defines "conduct" as having the same meaning as in this statute. R.C. 2323.52(A)(1).

[5] The trial court's written decision cites only the actions that Easterling has filed against the Bank. But there is evidence in the record that Easterling has filed many pro se actions against several other parties. He has filed three actions based on the same facts against Ameristate Bancorp, Inc. in the Montgomery County Common Pleas Court. We have affirmed the dismissal of two. *See Easterling v. Ameristate Bancorp, Inc.*, 2d Dist. Montgomery No. 23980, 2010-Ohio-3340, and *Easterling v. Ameristate Bancorp., Inc.*, 2d Dist. Montgomery No. 24723, 2012-Ohio-636. The third action is pending, that asserts the same claims again. Easterling has filed five actions against Croswell Bus Lines. In the first we affirmed the entry of summary judgment for Croswell. *See Easterling v. Croswell Bus Lines*, 2d Dist. Montgomery No. 24008, 2010-Ohio-4752. The trial court dismissed the second, third, fourth, and fifth actions on res judicata grounds. Easterling did not appeal any of these dismissals. Easterling has also filed eight separate actions against some of the magistrates, trial court judges, and a former judge of this Court who have ruled against him. Easterling has also filed two actions against a Montgomery County Common Pleas Court bailiff.

way." *Id.* at ¶ 48. Therefore we held that the two claims in the second action are indeed barred by res judicata. Easterling did not appeal our judgment. Instead, a couple of months later in December 2010, he filed the third action against the Bank (Case No. 2010 CV 1267). Again Easterling asserted the same two employment claims for unlawful termination and fraudulent hiring. The trial court entered summary judgment for the Bank on res judicata grounds. Easterling filed the fourth action in June 2011 (Case No. 2011 CV 0593) and asserted yet again the same two claims.

{¶ 14} The trial court noted that, at the hearing, Easterling acknowledged that the actions he has filed against the Bank are all the same.[6] The court concluded that there are no issues of material fact. The court found that Easterling "habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions." Easterling's conduct in filing the cases, found the court, "obviously serves merely to harass or maliciously injure another party to the civil action." And the court found that his conduct "is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law."

{¶ 15} In reviewing a vexatious-litigator declaration, we must consider the vexatious-litigator statute's purpose:

---

[6] *Accord* Tr. 19 ("Now I then go and I say well they didn't really hear what I was saying, okay. So I went and I filed the exact same case again. If there's no valid judgment on the merits you can file the exact same case again."); Tr. 20 ("So now here's what the Court does, I plead yes Your Honor I filed the exact same case again because my argument—I'm still saying fraud."); Tr. 29 ("Do you know why I filed case 1267? Because my related issues never got heard, okay.").

Easterling also explained why he kept filing the same action: "If I get a judgment from any court, as an American citizen, I have the right to appeal. I have the right to skip the appeal and re-file the case again and address *res judicata* to prove that there was no valid judgment on the merits so that I can seek justice. And I never, ever have to quit. If the Court would like to know it; I filed the first case on Croswell; I appealed it; I filed the second case; I filed a third case. * * * I finally—I filed a case on them [the judges] twice in May." (Tr. 25-26).

"'The purpose of the vexatious litigator statute is clear. It seeks to prevent abuse of the system by those persons who persistently and habitually file lawsuits without reasonable grounds and/or otherwise engage in frivolous conduct in the trial courts of this state. Such conduct clogs the court dockets, results in increased costs, and oftentimes is a waste of judicial resources-resources that are supported by the taxpayers of this state. The unreasonable burden placed upon courts by such baseless litigation prevents the speedy consideration of proper litigation.'"

*Lasson*, 2008-Ohio-4140, at ¶ 31, quoting *Mayer*, 91 Ohio St.3d 3, 13, 740 N.E.2d 656, quoting *Cent. Ohio Transit Auth. v. Timson*, 132 Ohio App.3d 41, 50, 724 N.E.2d 458 (10th Dist.1998). We note too that the statute was designed to curb "the untoward effects of vexatious litigation in depleting judicial resources and unnecessarily encroaching upon the judicial machinery needed by others for the vindication of legitimate rights." *Mayer* at 13. To this end, the vexatious-litigator statute "'[a]t its core * * * establishes a screening mechanism that serves to protect the courts and other would-be victims against frivolous and ill-conceived lawsuits filed by those who have historically engaged in prolific and vexatious conduct in civil proceedings.'" *Lasson* at ¶ 35, quoting *Mayer* at 13.

{¶ 16} Given the purpose and design of the vexatious-litigator statute, it makes sense that "the consistent repetition of arguments and legal theories that have been rejected by the trial court numerous times can constitute vexatious litigation." *Id.* at ¶ 36, citing *Farley v. Farley*, 10th Dist. Franklin No. 02AP-1046, 2003-Ohio-3185, ¶ 46. Easterling's multiple actions constitute vexatious litigation. That his conduct serves merely to harass may not be

obvious to Easterling, but it is obvious to others–objectively so. Easterling's history as a pro se litigator demonstrates the conduct to which the vexatious-litigator statute should apply.

{¶ 17}   The Bank met its burden to show that no genuine issue of material fact exists by filing affidavits to which are attached various documents that support the trial court's declaration. Easterling did not present any evidence other than documents that he says support his two oft-asserted employment claims. Because Easterling did not meet his reciprocal burden to show that some issue of material fact remains for trial, summary judgment for the Bank is proper.

{¶ 18}   In addition to the eighth assignment of error, the first, second, third, fourth, fifth, six, seventh, ninth, tenth, and eleventh assignments of error are also overruled.

{¶ 19}   The trial court's judgment is affirmed.

. . . . . . . . . . . . .

DONOVAN, FROELICH, and HALL, JJ., concur.


Copies mailed to:

Warren Easterling
Anthony M. Verticchio
Hon. Dale A. Crawford
(sitting for Judge Michael A. Buckwalter)