[Cite as *State v. West*, 2022-Ohio-2060.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-17 |
| | : | |
| v. | : | Trial Court Case No. 2020-CV-642 |
| | : | |
| THOMAS M. WEST | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 17th day of June, 2022.

. . . . . . . . . . .

MEGAN A. HAMMOND, Atty. Reg. No. 0097714, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, 61 Greene Street, Suite 200, Xenia, Ohio 45385
Attorney for Plaintiff-Appellee

THOMAS M. WEST, 116 East Franklin Street, Apartment A, Troy, Ohio 45373
Defendant-Appellant, Pro Se

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Thomas M. West, appeals pro se from a judgment of the Greene County Court of Common Pleas, which granted the State of Ohio summary judgment on its complaint to declare West a vexatious litigator under R.C. 2323.52. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} This appeal concerns a vexatious litigator action that arose from an underlying criminal case in the Greene County Court of Common Pleas, Case No. 2015-CR-129. In that case, West was tried by a jury and found guilty of one count of felonious assault with a firearm specification, two counts of having weapons while under disability, and one count of tampering with evidence; the trial court sentenced West to an aggregate term of seven years in prison. West appealed from his conviction, and this court affirmed the judgment of the trial court. *State v. West*, 2d Dist. Greene No. 2015-CA-72, 2017-Ohio-7521 ("*West I*").

{¶ 3} Following his direct appeal, West filed several pro se motions and pleadings with the trial court. The motions included, but were not limited to, a "Motion for Matters Occurring Before the Grand Jury," a "Motion to Waive Court Costs," and a "Motion to Adjudicate Legitimacy of the Allege[d] Indictment." The trial court denied each of these motions, which West appealed by filing two separate appeals in this court. This court consolidated the two appeals and ultimately affirmed the trial court's denial of West's motions. *State v. West*, 2d Dist. Greene Nos. 2020-CA-22, 2020-CA-24, 2020-Ohio-

6647 ("*West II*").

{¶ 4} On December 28, 2020, shortly after our decision in *West II*, the State filed a civil complaint in the Greene County Court of Common Pleas requesting the trial court to declare West a vexatious litigator under R.C. 2323.52. In its complaint, the State alleged that West had repeatedly and persistently filed post-conviction motions that challenged the legitimacy of his indictment and the trial court's jurisdiction based on a sovereign citizen theory that had been denied by the trial court on multiple occasions.[1]

{¶ 5} That same day, December 28, 2020, the State also filed a motion for summary judgment. In its motion, the State argued that the sheer number of pro se filings submitted by West and West's continuous assertion of meritless arguments that had previously been rejected by the trial court established that there was no genuine issue of material fact as to whether West was a vexatious litigator under R.C. 2323.52. In support of its summary judgment motion, the State attached 111 exhibits.[2] These exhibits included all of the filings in the underlying criminal matter, as well as the filings in the related appeals to this court.

{¶ 6} The trial court provided West a deadline of March 12, 2021, to respond to the State's motion for summary judgment. West filed a pro se response to the State's motion on March 1, 2021. In his response, West alleged that a factual issue remained as to

---

[1] The sovereign citizen theory advanced by West was that he was an independent man who was not bound by the laws of the State of Ohio due to it being a corporation with which he had no contractual relationship. West also asserted that the trial court was a commercial court that had no jurisdiction over him.

[2] The State provided a table of exhibits with its motion for summary judgment showing that there were 112 exhibits attached to the motion. There were, however, 111 exhibits.

whether the State had committed a "fraud upon the court" during his indictment. "Objections to Motion for Summary Judgment" (Mar. 1, 2021). Aside from his own self-serving affidavit, West did not provide any evidentiary materials to support this contention.

{¶ 7} On April 2, 2021, the trial court issued a decision granting the State's motion for summary judgment and designated West a vexatious litigator. In so holding, the trial court explained that R.C. 2323.52 only permitted it to consider filings that were civil in nature. From its review of the State's exhibits, the trial court determined that five of West's pro se filings were civil in nature. The trial court also found that the principal arguments in those filings were that the indictment was defective and that the trial court lacked subject matter jurisdiction. The trial court further found that West had repeatedly sought to obtain a transcript of the grand jury proceedings. The trial court therefore concluded that because West's arguments and transcript requests had been repeatedly raised and rejected by the court, the State had successfully established that there was no genuine issue of material fact that West was a vexatious litigator under R.C. 2323.52.

{¶ 8} West now appeals from the trial court's summary judgment ruling, raising five assignments of error for review.

**Standard of Review**

{¶ 9} Appellate review of a trial court's decision granting summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241. "De novo review requires an 'independent review of the trial court's decision without any deference to the trial court's determination.' " *Jackson v. Internatl. Fiber*, 169 Ohio App.3d 395,

2006-Ohio-5799, 863 N.E.2d 189, ¶ 17 (2d Dist.), quoting *State ex rel. AFSCME v. Taft*, 156 Ohio App.3d 37, 2004-Ohio-493, 804 N.E.2d 88, ¶ 27 (3d Dist.); *Riverside v. State*, 2016-Ohio-2881, 64 N.E.3d 504, ¶ 21 (2d Dist.).

{¶ 10} Pursuant to Civ.R. 56(C), a trial court may grant a moving party summary judgment when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds, after construing the evidence most strongly in favor of the nonmoving party, can only conclude adversely to that party. *Zivich v. Mentor Soccer Club, Inc.,* 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998).

{¶ 11} The moving party carries the initial burden of affirmatively demonstrating that no genuine issue of material fact remains to be litigated. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988); *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). To that end, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. *Dresher* at 292-293. Once the moving party satisfies its burden, the burden then shifts to the nonmoving party to respond, with affidavits or as otherwise permitted by Civ.R. 56, setting forth specific facts that show that there is a genuine issue of material fact for trial. *Id.*; Civ.R. 56(E).

### First, Second, and Third Assignments of Error

{¶ 12} West's first three assignments of error all relate to the trial court's finding that there was no genuine issue of material fact that West was a vexatious litigator under

R.C. 2323.52. West argues that this decision was erroneous and that the trial court's summary judgment ruling improperly denied him his right to a jury trial. We, however, disagree.

{¶ 13} R.C. 2323.52, Ohio's vexatious litigator statute, was enacted to " 'prevent abuse of the system by those persons who persistently and habitually file lawsuits without reasonable grounds and/or otherwise engage in frivolous conduct in the trial courts of this state.' " *Mayer v. Bristow*, 91 Ohio St.3d 3, 13, 740 N.E.2d 656 (2000), quoting *Cent. Ohio Transit Auth. v. Timson*, 132 Ohio App.3d 41, 50, 724 N.E.2d 458 (10th Dist.1998). If a person is declared a vexatious litigator under R.C. 2323.52, he or she cannot institute or continue legal proceedings unless he or she first obtains leave from that specific court to move forward. R.C. 2323.52(D).

{¶ 14} Under R.C. 2323.52(B), a prosecuting attorney "who has defended against habitual and persistent vexatious conduct in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court may commence a civil action in a court of common pleas with jurisdiction over the person who allegedly engaged in the habitual and persistent vexatious conduct to have that person declared a vexatious litigator." All elements of R.C. 2323.52(A)(3) must be established by clear and convincing evidence in order to have the person declared a vexatious litigator. *Lasson v. Coleman*, 2d Dist. Montgomery No. 21983, 2008-Ohio-4140, ¶ 33. *Accord Madeira v. Oppenheimer*, 1st Dist. Hamilton No. C-200458, 2021-Ohio-2958, ¶ 8.

{¶ 15} Pursuant to R.C. 2323.52(A)(3), a "vexatious litigator" is:

[A]ny person who has habitually, persistently, and without

reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court, whether the person or another person instituted the civil action or actions, and whether the vexatious conduct was against the same party or against different parties in the civil action or actions.

{¶ 16} Pursuant to R.C. 2323.52(A)(2), the term "vexatious conduct" means:

[C]onduct of a party in a civil action that satisfies any of the following:

(a) The conduct obviously serves merely to harass or maliciously injure another party to the civil action.

(b) The conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.

(c) The conduct is imposed solely for delay.

{¶ 17} "Vexatious conduct is not limited to proceedings before the trial court." *Roo v. Sain*, 10th Dist. Franklin No. 04AP-881, 2005-Ohio-2436, ¶ 13. The term "conduct" includes "the filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, the filing of a pleading, motion, or other paper in a civil action, including, but not limited to, a motion or paper filed for discovery purposes, or the taking of any other action in connection with a civil action." R.C. 2323.52(A)(1); R.C. 2323.51(A)(1)(a).

{¶ 18} Conduct in a criminal action can also result in a vexatious litigator

designation when said conduct is "civil in nature." *Ferrero v. Staats*, 5th Dist. Stark No. 2018 CA 16, 2018-Ohio-3235, ¶ 11-13 ("pleadings of a civil nature, although filed in a criminal case, may for[m] the predicate for a vexatious litigator finding"); *Watkins v. Pough*, 11th Dist. Trumbull No. 2016-T-100, 2017-Ohio-7026, ¶ 41; *Watkins v. Perry*, 11th Dist. Trumbull No. 2017-T-31, 2017-Ohio-9347, ¶ 18-25.

{¶ 19} For example, it is well-established that a "post[-]conviction proceeding is * * * a collateral *civil* attack on the judgment." (Emphasis added.) *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999). Therefore, a post-conviction proceeding is a civil action even though it arises from a criminal conviction. *State v. Tucker*, 2d Dist. Darke No. 1381, 1996 WL 111815, *1 (Mar. 15, 1996), citing *State v. Milanovich*, 42 Ohio St.2d 46, 49, 325 N.E.2d 540 (1975) and *State v. Nichols*, 11 Ohio St.3d 40, 463 N.E.2d 375 (1984). However, it must be cautioned that "not every pleading filed after conviction and direct appeal is necessarily of a civil nature[.]" *Ferrero* at ¶ 13. "[S]uch pleadings must be examined * * * to determine whether they are in fact civil in nature[.]" *Id.*

{¶ 20} Another example of a civil action in a criminal matter is a habeas corpus proceeding, which " 'is a distinct collateral attack on the petitioner's continued confinement.' " *State v. Smith*, 2d Dist. Clark No. 2008-CA-104, 2009-Ohio-6597, ¶ 5, quoting *Bar Assn. of Greater Cleveland v. Steele*, 65 Ohio St.2d 1, 417 N.E.2d 104 (1981); *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982, ¶ 7, quoting *Horton v. Collins*, 83 Ohio App.3d 287, 291, 614 N.E.2d 1077 (9th Dist.1992) (" 'application for the writ [of habeas corpus] is a civil proceeding' ").

{¶ 21} We note that applying a broader understanding of the term "civil action" as

used in R.C. 2323.52 comports with the purpose of the statute, which is to not only "prevent abuse of the system by those persons who persistently and habitually file lawsuits without reasonable grounds," but to also prevent abuse by those who "otherwise engage in frivolous conduct in the trial courts of this state." (Citation omitted.) *Mayer*, 91 Ohio St.3d at 13, 740 N.E.2d 656; *Perry,* 11th Dist. Trumbull No. 2017-T-31, 2017-Ohio-9347, at ¶ 25.

{¶ 22} In this case, West argues that the trial court improperly found that he was a vexatious litigator because the trial court based its finding on five pro se filings that were not civil in nature. West also argues that a mere five filings does not amount to "habitual" or "persistent" vexatious conduct that makes it appropriate to declare one a vexatious litigator.

{¶ 23} The exhibits attached to the State's motion for summary judgment establish that during the time between West's February 2015 indictment and the State's December 2020 vexatious litigator complaint, West filed a total of 38 pro se motions and pleadings related to the underlying criminal matter and related appeals. Upon review, we find that three of those pro se filings were civil in nature.

{¶ 24} The first civil filing was a pro se petition for a writ of habeas corpus that West filed with this court on November 13, 2015. *See* State's Ex. No. 40, "Writ of Habeas Corpus and/or Other Relief." In that petition, West argued that he was being unlawfully detained in the Greene County Jail because the State of Ohio lacked jurisdiction over him. In so arguing, West raised a sovereign citizen theory, i.e., that the State of Ohio is a corporation which has no jurisdiction or authority over him. This court rejected the

habeas corpus petition due to West's failing to attach commitment papers as required by R.C. 2725.04(D).   *See* State's Ex. No. 41, "Decision and Final Judgment Entry."

**{¶ 25}** The second civil filing was a post-conviction motion that qualified as a petition for post-conviction relief under R.C. 2953.21(A)(1).[3]   The petition was filed on February 8, 2018, and was captioned " 'Affidavit' – In the Nature of a Motion to Vacate Judgment and Other Requests."   *See* State's Ex. No. 74.   In the petition, West argued, among other things, that his felonious assault conviction should be vacated on grounds that his indictment was invalid and violated his constitutional rights.   Specifically, West argued that the indictment failed to incorporate any " 'cause' [actus reus]" for felonious assault and failed "to incorporate numerous mandates of rules, laws, and mandates of the constitution of this state."   *Id.*

**{¶ 26}** In the petition, West also renewed a previous request to obtain a transcript of the grand jury proceedings, a request which had been previously denied by the trial court.   West also requested that the trial court rule on his motion to dismiss the indictment that he had raised during his arraignment hearing, a motion which West believed the trial court had ignored.   In arguing for the dismissal of his indictment at the arraignment hearing, West challenged the legitimacy of his indictment and the trial court's jurisdiction based on the previously discussed sovereign citizen theory.   Thus, by asking the court to rule on the allegedly-ignored motion in his petition for post-conviction relief, West

---

[3] "[A] motion meets the definition of a petition for post[-]conviction relief under R.C. 2953.21(A)(1) when the motion '(1) [was] filed subsequent to [a defendant's] direct appeal, (2) claim[s] a denial of constitutional rights, (3) s[eeks] to render the judgment void, and (4) ask[s] for vacation of the judgment and sentence.' "   *State v. Caldwell*, 2d Dist. Montgomery No. 24333, 2012-Ohio-1091, ¶ 3, quoting *State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997).

essentially re-raised the sovereign citizen argument in his petition for post-conviction relief.

{¶ 27} The trial court denied West's petition for post-conviction relief on grounds that it was untimely. *See* State's Ex. No. 78, "Judgment Entry Denying Defendant's 'Affidavit in the Nature of a Motion to Vacate Judgment and Other Requests.' " The trial court also denied West's request for the grand jury transcript on grounds that West failed to establish that his particularized need for disclosing the transcript outweighed the need for its secrecy. *Id.*

{¶ 28} The third civil filing was another post-conviction motion that qualified as a petition for post-conviction relief. The petition was filed on May 20, 2020, and was captioned "Motion to Adjudicate Legitimacy of the Allege[d] Indictment." *See* State's Ex. No. 103. In the petition, West once again requested his conviction be vacated on grounds that the indictment was invalid for failing to include the " 'cause' [actus reas]" of felonious assault and for violating his constitutional rights. *Id.* West also claimed that the trial court lacked subject-matter jurisdiction and once again requested the trial court to rule on the motion to dismiss the indictment that he had raised during his arraignment hearing. The trial court denied West's petition on grounds that it lacked jurisdiction and because West's claims were barred by the doctrine of res judicata. *See* State's Ex. No. 105, "Entry."

{¶ 29} While there were only three civil filings in this case, we stress that " '[i]t is the nature of the conduct, not the number of actions, that determines whether a person is a vexatious litigator.' " *Prime Equip. Group, Inc. v. Schmidt*, 2016-Ohio-3472, 66

N.E.3d 305, ¶ 40 (10th Dist.), quoting *Borger v. McErlane*, 1st Dist. Hamilton No. C-010262, 2001 WL 1591338, *3 (Dec. 14, 2001). "Given the purpose and design of the vexatious-litigator statute, it makes sense that 'the consistent repetition of arguments and legal theories that have been rejected by the trial court numerous times can constitute vexatious litigation.' " *Easterling v. Union Sav. Bank*, 2d Dist. Greene No. 2012-CA-52, 2013-Ohio-1068, ¶ 16, quoting *Lasson v. Coleman*, 2d Dist. Montgomery No. 21983, 2008-Ohio-4140, ¶ 36, citing *Farley v. Farley*, 10th Dist. Franklin No. 02AP-1046, 2003-Ohio-3185, ¶ 46. *See also State v. Jordan*, 8th Dist. Cuyahoga No. 100686, 2014-Ohio-2408, ¶ 7, fn. 1 (continued attempts to relitigate an issue that has been decided against the defendant multiple times can warrant a determination that the defendant is a vexatious litigator). Therefore, the "assessment of a litigant's vexatiousness is not based solely on the number of cases he has filed but also on the repetitiveness of the arguments raised." *State ex rel. Johnson v. Bur. of Sentence Computation*, 159 Ohio St.3d 552, 2020-Ohio-999, 152 N.E.3d 251, ¶ 21 (concerning vexatious litigator finding under S.Ct.Prac.R. 4.03(B)).

{¶ 30} Here, the record establishes that West filed several pro se motions and pleadings in the underlying criminal matter and related appeals in which he repeatedly raised the same or similar arguments that he raised in his three civil filings concerning the validity of his indictment and the trial court's subject matter jurisdiction, all of which had been either rejected or overruled by the trial court and this court. *See* State's Ex. No. 34, "Demand for Remedy"; State's Ex. No. 35 "Judgment Entry"; State's Ex. No. 38, "Amended Motion for Dismissal and Other Relief"; State's Ex. No. 39, "Entry"; State's Ex.

No. 48, "Motion to Dismiss and Other Relief"; State's Ex. No. 49, "Decision and Entry"; State's Ex. No. 56, "Notice Objections and Judicial Notice"; State's Ex. No. 57, "Ex-Parte Motion for Remedy and/or Relief"; State's Ex. No. 58, "Decision and Entry"; State's Ex. No. 72, "Objection to a Manifest Injustice"; State's Ex. 73, "Decision and Entry"; State's Ex. No. 91, "Motion for Matters Occurring Before the Grand Jury"; State's Ex. No. 94, "Judgment Entry Overruling West's Motion for Matters Occurring Before the Grand Jury"; State's Ex. No. 111 "Appellant's Brief."

{¶ 31} Because West sought to obtain a transcript of the grand jury proceedings in his February 8, 2018 petition for post-conviction relief, we also note that West repeatedly made such a request throughout the underlying criminal case despite the trial court's continuously ruling that West's particularized need for the transcript did not outweigh the need for the transcript's secrecy. *See* State's Ex. No. 15, "Defendant's Motion for a Pre-Trial Copy of the Transcript of the Grand Jury Proceedings"; State's Ex. No. 17, "Entry Regarding Defendant's Motion for Pre-Trial Copy of Grand Jury Transcript"; State's Ex. No. 32, "Motion to Reconsider Decision on Grand Jury Transcripts"; State's Ex. No. 77, "Motion for New Trial"; State's Ex. No. 82, "Judgment Entry Denying Defendant's Motion for New Trial"; State's Ex. No. 91, "Motion for Matters Occurring Before Grand Jury"; State's Ex. No. 94, "Judgment Entry Overruling West's Motion for Matters Occurring Before the Grand Jury."

{¶ 32} Based on our review of the State's 111 exhibits, we find that the State satisfied its burden to show that no genuine issue of material fact existed as to West's being a vexatious litigator under R.C. 2323.52(A)(3). The State's exhibits clearly and

convincingly established that West had habitually, persistently, and without reasonable grounds engaged in vexatious conduct as defined under R.C. 2323.52(A)(2)(b) by filing several pro se motions and pleadings that raised the same or similar claims that the trial court and this court had previously rejected or overruled. While only three of West's pro se filings were civil in nature, as opposed to five as the trial court found, those three civil filings contained the same bogus claims that were repeatedly raised by West in his multitude of pro se filings. Accordingly, the repetitiveness of those claims was sufficient to deem West a vexatious litigator under R.C. 2929.52(A)(3).

{¶ 33} In so holding, we note that West did not satisfy his reciprocal burden under Civ.R. 56(E) to set forth specific facts showing that there was a genuine issue of material fact for trial. West merely attached a self-serving affidavit and asserted that the State had committed a fraud upon the court during his indictment. As such, we conclude that it was appropriate for the trial court to grant summary judgment in favor of the State and to designate West a vexatious litigator.

{¶ 34} Because summary judgment was properly granted, West's claim that he was improperly denied a jury trial lacks merit. "[T]he right to a jury trial is only enforceable where there are factual issues to be tried, and the proper entry of summary judgment does not violate an individual's right to a jury trial." *Natl. Collegiate Student Loan Trust 2005-3 v. Dunlap*, 2018-Ohio-2701, 115 N.E.3d 689, ¶ 48 (4th Dist.), citing *Conley v. Shearer*, 64 Ohio St.3d 284, 292, 595 N.E.2d 862 (1992). (Other citations omitted.) *See also Union Sav. Bank v. Maga*, 2d Dist. Montgomery No. 20303, 2004-Ohio-3090, ¶ 37.

{¶ 35} West's first, second, and third assignments of error are overruled.

**Fourth Assignment of Error**

{¶ 36} Under his fourth assignment of error, West contends that the trial court's decision granting the State's motion for summary judgment was premature because it was issued before West had a chance to obtain discovery materials. Because of this, West maintains that the trial court's ruling denied him his right to obtain discovery under the Civil Rules. We disagree.

{¶ 37} Despite West's claims, the record clearly establishes that the trial court's summary judgment ruling was not premature. West was served with the State's motion for summary judgment on January 7, 2021, and the trial court gave West until March 12, 2021, to file a response. West filed a response on March 1, 2021, in which he alleged that a factual issue remained as to whether the State had committed a "fraud upon the court" during his indictment. *See* "Objections to Motion for Summary Judgment," (Mar. 1, 2021). Aside from his own self-serving affidavit, West did not provide any evidentiary materials to support this claim. The following month, on April 2, 2021, the trial court issued a decision granting summary judgment in favor of the State. This decision came three weeks after the stated deadline for West's summary judgment response.

{¶ 38} West claims that the trial court's ruling was premature because he had notified the trial court that he was seeking discovery from the State by filing a discovery motion that requested relief from the requirement under Civ.R. 33 and Civ.R. 36 that he serve the State with electronic copies of interrogatories and request for admissions. *See* "Motion for Leave to be Relieved from the Electronic Copy Requirement," (Mar. 11, 2021).

West, however, filed that discovery motion on March 11, 2021, just one day before his summary judgment response was due. Moreover, at the time he filed the discovery motion, West had already filed a response to the State's motion for summary judgment ten days earlier on March 1, 2021. We find it significant that West never moved the trial court to extend the summary judgment response deadline so that he could file a supplemental response. Therefore, because West's deadline to respond to the State's motion for summary judgment had expired, and because no extension was ever requested by West, we do not find that it was premature for the trial court to rule on the State's motion for summary judgment three weeks after West filed his response.

{¶ 39} We also find that there is nothing in the record indicating that West was denied his right to obtain discovery. The record establishes that West had over two months to file his discovery motion and to obtain discovery before the March 12, 2021 response deadline. Although he had ample time to initiate the discovery process, West waited until the final day before his response deadline before filing his discovery motion.

{¶ 40} Regardless, given the nature of the State's exhibits, we fail to see what discovery information West could have obtained from the State that would have established a genuine issue of material fact for trial. As previously discussed, the State's exhibits clearly and convincingly established that West habitually, persistently, and without reasonable grounds had engaged in vexatious conduct. In this court's view, there was no discovery that West could have obtained that would have changed the summary judgment outcome.

{¶ 41} West's fourth assignment of error is overruled.

**Fifth Assignment of Error**

**{¶ 42}** Under his fifth assignment of error, West contends that the vexatious litigator statute, specifically R.C. 2323.52(G), is unconstitutional in that it violates his right to due process and the rights guaranteeing that "all courts shall be open," "justice shall be administered without denial or delay," and "redress of grievances against the government shall not be denied." The Supreme Court of Ohio, however, has already fully addressed these issues. In *Mayer*, 91 Ohio St.3d 3, 740 N.E.2d 656, the Supreme Court held that "R.C. 2323.52, the vexatious litigator statute, is constitutional in its entirety." *Id.* at paragraph one of the syllabus. In so holding, the Supreme Court specifically upheld "the constitutionality of * * * R.C. 2323.52, by rejecting claims that the statute violated constitutional rights to due process and access to courts." *State ex rel. Lisboa v. Fuerst*, 133 Ohio St.3d 76, 2012-Ohio-3913, 975 N.E.2d 995, ¶ 1, citing *Mayer*; *Lasson*, 2d Dist. Montgomery No. 21983, 2008-Ohio-4140, at ¶ 55 (noting that *Mayer* had rejected appellant's due-process argument challenging the constitutionality of the vexatious-litigator statute). Accordingly, West's constitutional challenges to R.C. 2323.52(G) lack merit.

**{¶ 43}** West's fifth assignment of error is overruled.


**Conclusion**

**{¶ 44}** Having overruled all of West's assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and LEWIS, J., concur.


Copies sent to:

Megan A. Hammond
Thomas M. West
Hon. Adolfo A. Tornichio