OPINION
{¶ 1} Chris Humphrey, pro se, appeals from a judgment of the Champaign County Municipal Court, which entered judgment in the amount of $7,428.53 in favor of DaimlerChrysler Financial Services Americas LLC ("DCFS") for breach of an automobile lease agreement. For the following reasons, the judgment will be affirmed. *Page 2 
 {¶ 2} According to the record, on February 28, 2006, Humphrey entered into an agreement with Carriage Towne Chrysler-Dodge-Jeep to lease a 2006 Jeep Wrangler. Humphrey's payment of $352.75 was due on the 28th of each month. The creditor for the lease payments was DCFS. The parties agree that several of Humphrey's payments were late, and Humphrey returned the vehicle in July 2006.
 {¶ 3} In May 2007, DCFS filed suit for $7,853.53, the amount they claimed was due and owing due to Humphrey's default. Humphrey responded that DCFS had sent his first two billing statements to a former address, that he had no contact information for DCFS prior to receiving a statement, and that he was not contacted by DCFS until the first payment was 35 days late. Humphrey claimed that DCFS refused his offer to cure his default. Humphrey counterclaimed for "negligence, misrepresentation, gross mishandling of customer account, harassment, and undue stress."
 {¶ 4} A bench trial was held on November 9, 2007. The trial court found in favor of DCFS in the amount of $7,428.53, and it dismissed Humphrey's counterclaim. Humphrey appeals from this judgment.
 {¶ 5} In his brief, Humphrey claims that the trial court erred in granting DCFS's motion to exclude his documentary evidence on the ground that DCFS's counsel had not received or reviewed the documents prior to trial. Humphrey also asserts that the trial court erred in granting judgment to DaimlerChrysler and that judgment should be awarded to him on his counterclaim. Humphrey attaches the excluded exhibits, the exhibits disclosed by DCFS, and other documents regarding his credit history. Humphrey also provides two telephone numbers for this Court to call for additional evidence in his favor. *Page 3 
 {¶ 6} DCFS has moved to strike Humphrey's brief or, alternatively, to strike certain exhibits due to Humphrey's failure to comply with the Ohio Rules of Appellate Procedure. DCFS argues that Humphrey's brief was not timely filed and that it fails to comply with the formatting requirements of App. R. 16, App. R. 19, and Loc. R. 2.2 of the Second Appellate Judicial District. DCFS notes that Humphrey's brief was not certified as required by Civ. R. 11. DCFS also asks this Court to disregard most of Humphrey's attachments, because they were not part of the record on appeal.
 {¶ 7} "Litigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standard as other litigants." Stemple v. Dunina, Miami App. No. 2008 CA 14,2008-Ohio-5524, ¶ 9, quoting Yocum v. Means, Darke App. No. 1576, 2002-Ohio-3803. "A litigant proceeding pro se `cannot expect or demand special treatment from the judge, who is to sit as an impartial arbiter.'" Id. (Internal citations omitted).
 {¶ 8} As noted by DCFS, Humphrey's appellate brief fails to comply with the Appellate Rules in numerous respects. Most notably, Humphrey has failed to comply with App. R. 16, which requires appellants to provide a statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected, as well as a statement of the issues presented for review. Under App. R. 12(A)(2), this Court may disregard the assigned errors if the party raising them "fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App. R. 16(A)." Toms v. Ohio Unemp. Comp.Review Comm., Clark App. No. 2007 CA 80, 2008-Ohio-4398, at ¶ 12. *Page 4 
 {¶ 9} Although we could summarily strike Humphrey's brief or sua sponte dismiss his appeal for failure to comply with the App. R. 16, in the interests of justice, we will review the merits of Humphrey's claims.
 {¶ 10} As stated above, Humphrey challenges the exclusion of his exhibits at trial, the trial court's judgment in favor of DCFS, and the dismissal of his counterclaim. Each of these claims requires a review of the trial proceedings. Humphrey, however, has failed to present a transcript of the trial. See App. R. 9(A) and 9(B); Loc. R. 6(A) of the Second Appellate Judicial District. Absent a trial transcript, we are constrained to presume the regularity of the proceedings below unless the limited record for our review affirmatively demonstrates error.Banks v. Regan, Montgomery App. No. 21929, 2008-Ohio-188, ¶ 2. We can find no error from the record before us.
 {¶ 11} The judgment of the trial court will be affirmed.
BROGAN, J. and DONOVAN, J., concur.
Copies mailed to:
Andrew J. Sonderman
Chris Humphrey
 Hon. Susan J. Fornof-Lippencott *Page 1