[Cite as *Parson v. Dayton*, 2023-Ohio-4689.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| APRIL R. PARSON | : | |
| | : | |
| Appellant | : | C.A. No. 29861 |
| | : | |
| v. | : | Trial Court Case No. 2023 CV 02624 |
| | : | |
| CITY OF DAYTON | : | (Civil Appeal from Common Pleas |
| | : | Court) |
| Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on December 22, 2023

. . . . . . . . . . .

APRIL R. PARSON, Appellant, Pro Se

THOMAS M. GREEN, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Plaintiff-appellant April R. Parson appeals from the trial court's judgment on the pleadings in favor of defendant-appellee City of Dayton. For the following reasons, the judgment of the trial court will be affirmed.

**I. Facts and Procedural History**

{¶ 2} On May 19, 2023, Parson, acting pro se, filed this action against the City. The body of her complaint stated, in its entirety, "I was wrongfully terminated, retaliation whistleblowing sexual harassment, age, race, harassment, breach of contract." In her prayer for relief, she asked for the following: "re-instate position, all benefits seniority status and similar front and back pay punitive damages and all court deems necessary."

{¶ 3} The City filed an answer in which it admitted that Parson's employment with the City had been terminated on February 20, 2020. The answer further alleged that the City had discharged Parson after she was involved in a workplace altercation with another City employee.

{¶ 4} On June 1, 2023, the City filed a Civ.R. 12(C) motion for judgment on the pleadings. The following day, the trial court entered an order informing Parson that any response to the motion had to be filed by June 16, 2023. Parson did not file a response or any other pleading, and on June 22, 2023, the trial court entered judgment on the pleadings in favor of the City.

{¶ 5} Parson appeals.

## II. Analysis

{¶ 6} Parson sets forth the following as her sole assignment of error:

The appellee, APRIL PARSON, is presenting her case pro se and has submitted her document to the trial court. April parson has provided over 24 years of service to her former employer, city of dayton. April was wrongfully terminated, breach of agreement, discrimination, sexual

harassment, harassment, hostile work environment harassment and retaliation. April was wrongfully discharged from her position and has been left "involuntary homeless." Because of the severe emotional stress and hostile work environment, she has not regained proper employment. The appellant's financial status has not allowed her to be successful in gaining proper representation or council [sic]. The appellant has exhausted all her options and feels that she has not been treated fairly through the process that dealt with the city, the civil service. Therefore, i wish for the court to grant favor to appealing the trial court decision.

**{¶ 7}** As an initial matter, we find Parson's brief is deficient as it fails to substantially comply with the briefing requirements of the Ohio Rules of Appellate Procedure. As set forth in App.R. 16, an appellant's brief shall include all of the following:

(1) A table of contents, with page references.

(2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.

(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.

(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.

(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.

(6) A statement of facts relevant to the assignments of error presented for

review, with appropriate references to the record in accordance with division (D) of this rule.

(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

(8) A conclusion briefly stating the precise relief sought.

{¶ 8} Parson's appellate brief does not comply with the Ohio Rules of Appellate Procedure in several respects. Her brief does not contain a table of contents, cases, statutes, or other authorities, in violation of App.R. 16(A)(1), (2). More importantly, Parson's appellate brief does not set forth an argument concerning her sole assignment of error, in violation of App.R. 16(A)(7). Parson has set forth one assignment of error that is neither supported by specific arguments nor by citations to statutes, case law or other authorities. Indeed, she does not contest the City's arguments in its motion for judgment on the pleadings, nor does she set forth any argument that the trial court erred by granting the City's motion for judgment on the pleadings. Thus, in a practical as well as a legal sense, it is virtually impossible for this court to review her claims.

{¶ 9} Moreover, it makes no difference that Parson is proceeding pro se. "Litigants who choose to proceed pro se are presumed to know the law and correct procedure and are held to the same standard as other litigants." *Daimler Chrysler Fin. Servs. Ams., LLC v. Humphrey*, 2d Dist. Champaign No. 2007-CA-39, 2008-Ohio-5903,

¶ 7, citing *Stemple v. Dunina*, 2d Dist. Miami No. 2008-CA-14, 2008-Ohio-5524, ¶ 9, quoting *Yocum v. Means*, 2d Dist. Darke No. 1576, 2002-Ohio-3803, ¶ 20. A pro se litigant "cannot expect or demand special treatment from the judge, who is to sit as an impartial arbiter." *Id. Accord R.G. Slocum Plumbing v. Wilson*, 11th Dist. Ashtabula No. 2002-A-0091, 2002-Ohio-1394, ¶ 12, quoting *Meyers v. First Natl. Bank of Cincinnati*, 3 Ohio App.3d 209, 210, 444 N.E.2d 412 (1st Dist.1981) ("[P]ro se litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and must accept the results of their own mistakes and errors."). Even if we were to give Parson leniency as a pro se litigant, we would conclude that she has failed to even minimally comply with App.R. 16 in both form and substance.

**{¶ 10}** Importantly, the appellant has the burden on appeal. *State v. Stevenson*, 9th Dist. Summit No. 24408, 2009-Ohio-2455, ¶ 21, citing App.R. 16(A)(7). If a reviewing court cannot discern the arguments presented by a party, relief cannot be granted. *State v. Dunlap*, 10th Dist. Franklin No. 05AP-260, 2005-Ohio-6754, ¶ 10. Further, an appellant's failure to comply with the appellate rules provides independent grounds for dismissal. *McCormick v. Hsiu Chen Lu*, 10th Dist. Franklin No. 18AP-284, 2019-Ohio-624, ¶ 19.

**{¶ 11}** Based upon Parson's failures to comply with the Rules of Appellate Procedure and to set forth an argument upon which relief can be granted, we must affirm the trial court's judgment.

. . . . . . . . . . . .

WELBAUM, P.J. and HUFFMAN, J., concur.