[Cite as *McGhee v. McGhee*, 2026-Ohio-1302.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

| | | |
|---|---|---|
| LATRISHA MCGHEE | : | |
| | : | C.A. No. 2025-CA-40 |
| Appellant | : | |
| | : | Trial Court Case No. 16 DR 253 |
| v. | : | |
| | : | (Appeal from Common Pleas Court- |
| AARON MCGHEE | : | Domestic Relations) |
| | : | |
| Appellee | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on April 10, 2026, the judgment is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.


For the court,


_____
MICHAEL L. TUCKER, JUDGE

LEWIS, P.J., and EPLEY, J., concur.

LATRISHA MCGHEE, Appellant, Pro Se
JENNIFER J. WALTERS, Attorney for Appellee

TUCKER, J.

{¶ 1} Appellant-petitioner Latrisha McGhee appeals from a judgment of the Miami County Common Pleas Court that adopted a magistrate's decision. The magistrate's decision denied her motions related to child custody and parenting time issues and a motion which sought a money judgment against Miami County, Ohio, and her ex-husband's attorney.

## I. Factual and Procedural Background

{¶ 2} Latrisha McGhee ("Mother") and Aaron McGhee ("Father") were married in 2003. Three children were born of the marriage. The parties' marriage was dissolved in 2016, and the decree included a shared parenting plan.

{¶ 3} In December of 2020, Father filed a motion to terminate the shared parenting plan alleging that Mother "had shown mental instability" and that he had "significant concerns about the physical and emotional well-being of the children during [Mother's] parenting time." Father asked to be appointed as sole residential parent and legal custodian of the children. Following a hearing, the magistrate found the motion well-taken and on August 12, 2021, filed a decision that terminated the shared parenting plan and designated Father as the primary residential parent and legal custodian of the children. Mother was awarded parenting time. The trial court overruled Mother's objections to the magistrate's decision. Mother did not appeal.

{¶ 4} Mother was incarcerated between September 2021 and November 2023. During her incarceration, she had no visitation with the children. After her release, Mother had very limited contact and no visitation with the children until Mother's Day in 2024. The Mother's Day visit, which took place at a local restaurant, ended after approximately one hour when one of the children became visibly upset.

{¶ 5} In August 2024, Mother filed six motions that sought to have Father found in contempt based on allegations that he prevented visitation and electronic contact with the children, failed to inform Mother of his and the children's relocation, caused Mother to be arrested by filing false charges, and prevented Mother from picking up the children from school. She also filed a motion to "reinstate visitation and require reunification therapy due to parental alienation," and a motion for custody. A month later, Father filed a motion to suspend Mother's parenting time. Mother then filed a motion which sought a judgment of $5,000,000 against both Father's attorney and Miami County, Ohio. Finally, she filed a motion to correct the evidence.

{¶ 6} In February 2025, a hearing was conducted by the magistrate on the parties' motions. The magistrate also conducted an in-camera interview of the unemancipated children,[1] who clearly expressed their desire to have no contact with Mother until she addressed her mental health issues.

{¶ 7} By decision filed April 23, 2025, the magistrate denied Mother's motions and granted Father's motion to suspend Mother's parenting time. Mother filed objections to the magistrate's decision. In October 2025, the trial court overruled the objections and adopted the magistrate's decision in all respects except the trial court found Father in contempt for

---

1. The parties' oldest child had been emancipated prior to the hearing.

failing to timely notify Mother of his change of address and for preventing parenting time in December 2023.

{¶ 8} Mother appeals.[2]

## II. Analysis

{¶ 9} App.R. 16 requires an appellant's brief to include all of the following:

(1) A table of contents, with page references.

(2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.

(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.

(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.

(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.

(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.

(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

---

2. The parties' middle child turned 18 a few days after Mother filed her notice of appeal. The youngest child turned 16 in March 2026.

(8) A conclusion briefly stating the precise relief sought.

{¶ 10} Compliance with App.R. 16 is mandatory. *State v. Obermeyer,* 2024-Ohio-4508, ¶ 13 (2d Dist.). An appellant's failure to comply with App.R. 16 can serve as grounds for dismissal of an appeal. *Parson v. Dayton*, 2023-Ohio-4689, ¶ 10 (2d Dist.) (judgment affirmed notwithstanding appellant's noncompliance with App.R. 16), citing *McCormick v. Lu*, 2019-Ohio-624, ¶ 19 (10th Dist.).

{¶ 11} Mother's brief fails to comply with App.R. 16 in most respects. Most importantly, we cannot discern a coherent, understandable argument asserting how the trial court erred in adopting the magistrate's decision that overruled her motions. "If a reviewing court cannot discern the arguments presented by a party, relief cannot be granted." *Id.*, citing *State v. Dunlap*, 2005-Ohio-6754, ¶ 10 (10th Dist.).

{¶ 12} We realize that Mother is proceeding pro se. However, "[l]itigants who proceed pro se are presumed to know the law and correct procedure." *Yocum v. Means*, 2002-Ohio-3803, ¶ 20 (2d Dist.), citing *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363 (8th Dist. 1996). Thus, while pro se litigants may be afforded some flexibility, they are held to the same rules and procedures as individuals represented by counsel. *Craver v. Haefner*, 2024-Ohio-2242, ¶ 8 (10th Dist.), citing *J.P. Morgan Chase Bank, N.A. v. Cloyes*, 2021-Ohio-3316, ¶ 9 (10th Dist.). Here, Mother's failure to comply with App.R. 16 is "tantamount to failing to file a brief," which makes meaningful appellate review all but impossible. *Obermeyer* at ¶ 13.

### III. Conclusion

{¶ 13} For this reason, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

LEWIS, P.J., and EPLEY, J., concur.

5