OPINION
{¶ 1} Defendant-appellant, George Sain, appeals from a judgment of the Franklin County Court of Common Pleas declaring him to be a vexatious litigator pursuant to R.C. 2323.52, and subjecting him to limitations imposed by that statute upon his participation in future litigation.
 {¶ 2} Plaintiff-appellee, K.Z. Roo, initiated this action with a complaint under R.C. 2323.52, naming as defendants appellant and his wife Zagorka Sain, who has not joined in the notice of appeal from the trial court's decision. The complaint alleged that many of appellant's actions, including multiple motions for relief from judgment pursuant to Civ.R. 60(B), appeals to this court and the Supreme Court of Ohio, and motions for reconsideration filed in those appeals, were undertaken merely to harass or maliciously injure other parties.
 {¶ 3} The matter was referred to a magistrate for a bench trial, and the magistrate thereafter rendered a decision recommending that appellant and his wife be declared vexatious litigators with respect to future filings against appellee. Appellant filed objections to the magistrate's decision, but did not include a transcript of the evidentiary hearing. The trial court noted that, in the absence of a transcript, objections to the findings of fact rendered by the magistrate would be unsupported, but that in any event the trial court found the findings of fact to be accurate. The trial court then went on to overrule objections to the magistrate's conclusions of law, finding that appellant's numerous filings in his most recent litigation were habitual, persistent, and without reasonable grounds, and that the continual filings were not warranted under existing law and not supported by a good-faith argument for an extension, modification, or reversal of existing law. The trial court accordingly found in favor of appellee and declared appellant to be a vexatious litigator, who would be prohibited from instituting or maintaining any legal proceedings against appellee in the court of claims, any court of common pleas or any municipal court without first seeking leave of the Franklin County Court of Common Pleas. Because appellant is a licensed attorney and the conduct complained of has been limited to specific litigation arising out of a single real estate transaction, the court limited the restriction to pro se actions by appellant against appellee.
 {¶ 4} Appellant has timely appealed and brings the following four assignments of error:
1. Appellee's action was filed too late and is barred by R.C. 2323.52(B). And the Trial Court erred, acted with bias and prejudice and abused its discretion in proclaiming Appellant to be a vexatious litigator under R.C. 2323.52(A).
2. Appellee's action is barred by res judicata because Appellee has previously filed a motion for sanction and obtained his remedy based on Appellant's filing of the 1998 action, which is a basis of Appellee's current action. And the Trial Court erred, acted with bias and prejudice and abused its discretion in proclaiming Appellant to be a vexatious litigator in violation of the res judicata law.
3. Trial Court erred and abused its discretion in proclaiming Appellant to be a vexatious litigator under R.C. 2323.52(A) based on the 1998 action that was not vexatious and even if it were it would be insufficient. Appellant has no history of vexatious conduct and the Trial Court's decision is in conflict with the existing statutory and case law that mandates the existence of the history of vexatious conduct before a person could be proclaimed to be a vexatious litigator.
4. Trial Court erred and abused its discretion in prematurely and wrongly dismissing Appellant's motion for sanctions.
 {¶ 5} This action was initiated by appellee under Ohio's vexatious litigator statute, R.C. 2323.52, which provides in pertinent part, as follows:
(A) As used in this section:
(1) "Conduct" has the same meaning as in section 2323.51 of the Revised Code.
(2) "Vexatious conduct" means conduct of a party in a civil action that satisfies any of the following:
(a) The conduct obviously serves merely to harass or maliciously injure another party to the civil action.
(b) The conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.
(c) The conduct is imposed solely for delay.
(3) "Vexatious litigator" means any person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court, whether the person or another person instituted the civil action or actions, and whether the vexatious conduct was against the same party or against different parties in the civil action or actions. "Vexatious litigator" does not include a person who is authorized to practice law in the courts of this state under the Ohio Supreme Court Rules for the Government of the Bar of Ohio unless that person is representing or has represented self pro se in the civil action or actions.
(B) A person, the office of the attorney general, or a prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a municipal corporation who has defended against habitual and persistent vexatious conduct in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court may commence a civil action in a court of common pleas with jurisdiction over the person who allegedly engaged in the habitual and persistent vexatious conduct to have that person declared a vexatious litigator. The person, office of the attorney general, prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a municipal corporation may commence this civil action while the civil action or actions in which the habitual and persistent vexatious conduct occurred are still pending or within one year after the termination of the civil action or actions in which the habitual and persistent vexatious conduct occurred.
(C) A civil action to have a person declared a vexatious litigator shall proceed as any other civil action, and the Ohio Rules of Civil Procedure apply to the action.
 {¶ 6} "`The purpose of the vexatious litigator statute is clear. It seeks to prevent abuse of the system by those persons who persistently and habitually file lawsuits without reasonable grounds and/or otherwise engage in frivolous conduct in the trial courts of this state. Such conduct clogs the court dockets, results in increased costs, and oftentimes is a waste of judicial resources — resources that are supported by the taxpayers of this state. The unreasonable burden placed upon courts by such baseless litigation prevents the speedy consideration of proper litigation.'" Mayer v. Bristow (2000), 91 Ohio St.3d 4, 13, quoting Cent. Ohio Transit Auth. v. Timson (1998), 132 Ohio App.3d 41,50.
 {¶ 7} The extensive procedural history of the present matter has been examined at length by this court in prior appeals; nonetheless, this history forms the essence of the present case and we must again restate it in some detail. The underlying controversy arises out of a land installment contract, under which appellant and his wife undertook to sell a property to Earl and Willa Kingcannon. The Kingcannons defaulted on their obligations, but assigned the contract to Lotus Properties, who subsequently leased the property to appellee. Appellant and his wife then filed in 1984 a forcible entry and detainer complaint against appellee in the Franklin County Municipal Court seeking possession of the premises and unpaid rent. Appellee filed counterclaims and a third-party complaint against Lotus Properties. Appellant and his wife were eventually awarded a de minimus monetary judgment against Lotus Properties, and the matter was dismissed with prejudice as to all other claims and all other parties. No appeal was taken from that judgment.
 {¶ 8} After a lapse of over ten years, appellant and his wife brought a new complaint in the Franklin County Court of Common Pleas, filed on December 14, 1998, seeking unpaid rent and other damages from appellee arising out of the same transaction underlying the 1984 case. On November 24, 1999, the trial court granted appellee's motion for summary judgment on the basis that appellant's claims were barred by res judicata as they had been fully adjudicated in the 1984 action. We affirmed that decision by the trial court upon appeal. Sain v. Roo (Nov. 28, 2000), Franklin App. No. 99AP-1459 (Memorandum Decision). We subsequently denied a motion for reconsideration in that appeal. Sain v. Roo (Jan. 25, 2001), Franklin App. No. 99AP-1459 (Memorandum Decision). Appellant then took an appeal to the Supreme Court of Ohio, which declined jurisdiction in the matter,Sain v. Roo (2001), 91 Ohio St.3d 1489, denied reconsideration, (2001),91 Ohio St. 3d 1530, granted a motion for sanctions brought by appellee finding that the action of the appeal was frivolous, (2001),91 Ohio St.3d 1527, awarded attorney fees in the amount of $3,164.53 as sanctions, (2001), 92 Ohio St.3d 1447, and denied appellant's motion for relief from sanctions, (2002), 96 Ohio St.3d 1436. Upon renewed motion by appellee the Supreme Court granted further sanctions, (2002),96 Ohio St.3d 1444, and awarded sanctions in the amount of $2,400, (2002), 96 Ohio St.3d 1485.
 {¶ 9} In post-judgment proceedings upon the 1998 complaint, the Franklin County Court of Common Pleas granted appellee's motion for sanctions and awarded attorney's fees. Appellant took a further appeal to this court from that decision, and this court affirmed the award of sanctions under R.C. 2323.51, finding that the trial court had not erred in finding that the 1998 complaint was essentially frivolous. Sain v.Roo, Franklin App. No. 01AP-360, 2001-Ohio-4115. No further appeal was taken from our decision in that appeal.
 {¶ 10} Appellant and his wife then filed a motion for relief from judgment in the Franklin County Court of Common Pleas pursuant to Civ.R. 60(B)(5), seeking relief from the trial court's decision in the 1998 complaint. The trial court denied relief from judgment, and this court affirmed. Sain v. Roo, Franklin App. No. 02AP-448, 2003-Ohio-626. The Supreme Court of Ohio again denied appellant's jurisdictional motion,Sain v. Roo, 101 Ohio St.3d 1421, 2004-Ohio-123, and denied reconsideration, 101 Ohio St.3d 1492, 2004-Ohio-1293.
 {¶ 11} Apparently concerned about the possibility of subsequent motions for relief from judgment or renewed prosecution of the action through a new complaint, appellee then filed the present action to have appellant declared a vexatious litigator.
 {¶ 12} Appellant's first assignment of error on appeal asserts that appellee's action was time-barred under the statute of limitations set forth in R.C. 2323.52(B). That section provides that an action to have a person declared a vexatious litigator may be brought while the civil action or actions in question are pending, or "within one year after the termination of the civil action or actions in which the habitual or persistent vexatious conduct occurred." Appellant states that the trial court's judgment dismissing appellant's 1998 complaint was entered on November 23, 1999, and that appellee did not file the vexatious litigator complaint until June 19, 2002, well over one year after the trial court's judgment, which appellant interprets to have "terminated" the action.
 {¶ 13} R.C. 2323.52(B) does not further define what would constitute "termination of the civil action or actions" in question; common sense and an eye toward the essential purpose of the vexatious litigator statute lead us to conclude, however, that "termination" may not necessarily occur with a final judgment rendered by the trial court. The 1998 action continued, largely at appellant's instigation, well beyond that time. Appellant filed a motion for relief for judgment in the trial court and successive appeals from denial of that motion. The Supreme Court of Ohio did not render its last determination in the matter until March 24, 2004, when it denied reconsideration of its previous determination denying appellant's jurisdictional motion. Vexatious conduct is not limited to proceedings before the trial court; in fact, this court and the Supreme Court of Ohio have been the scene of much of the conduct complained of in the present matter. Interpreting the one-year statute of limitations in R.C. 2323.52(B) as running from the final judgment rendered by the trial court would unduly impair the effectiveness of the vexatious litigator statute by either forcing parties to bring a premature vexatious litigator action in anticipation of subsequent frivolous conduct during appeals or post-judgment proceedings, or losing the right to seek the protection of the statute because of the length of time elapsed between the trial court's judgment and subsequent frivolous conduct upon appeal or in filing Civ.R. 60(B) motions in the trial court. We accordingly find that the present action was not time-barred because, upon appellant's impulsion, the case continued and the conduct complained of persisted well beyond the trial court's initial judgment, and the vexatious litigator complaint filed by appellee was thus brought either while the civil action was pending or within one year of the termination thereof. Appellant's first assignment of error is accordingly overruled.[1]
 {¶ 14} Appellant's second assignment of error asserts that the vexatious litigator action was barred by previous motions for sanctions, which were granted, brought in connection with the 1998 action. Appellant essentially argues that the vexatious litigator statute, R.C. 2323.52, and Ohio's general frivolous conduct statute providing for attorney fees as a sanction, R.C. 2323.51, are alternative remedies, and resort to one precludes invocation of the other. We find no merit to this assertion.
 {¶ 15} R.C. 2323.51 provides for monetary sanctions in the form of attorney's fees awarded for past frivolous conduct in a civil action. The vexatious litigator statute, while sharing the same definition of reprehensible conduct, seeks to provide a protective remedy in the form of restriction upon future frivolous filings by mandating that a person adjudicated to be a vexatious litigator seek leave of court before proceeding with further filings in the designated cases. The two sections provide complementary, not conflicting, remedies, and there is no authority for the proposition that a prior award of sanctions under R.C.2323.51 would bar a subsequent recourse to R.C. 2323.52 to prevent future frivolous filings or conduct. We accordingly find that the prior award of sanctions did not prevent the trial court from making a finding that appellant was a vexatious litigator, and appellant's second assignment of error is overruled.
 {¶ 16} Appellant's third assignment of error essentially asserts that the vexatious litigator finding by the trial court is against the manifest weight of the evidence. Appellant literally asserts that he has "no history" of vexatious conduct. (Appellant's brief, at 2.) This court has already examined the course of appellant's conduct in this litigation and concluded that it pushed the bounds of justifiable advocacy:
This court has carefully reviewed the allegations in appellants' latest motions and briefs, and finds that appellants have not presented any new evidence or arguments that would support relief under Civ.R. 60(B)(5). Appellants simply rehash arguments that were made and rejected in Sain I
and Sain II which, inter alia, affirmed the judgments of the trial court on the basis of res judicata. The purpose of res judicata is to deter the repeated litigation of resolved issues, thereby ensuring finality in judgments and the conservation of judicial resources.
In spite of appellants' persistent belief that the trial court and this court have reached the wrong conclusions, there comes a time in the course of litigation when a non-prevailing party must realize that further efforts are not only futile but also frivolous and harassing. Appellants' arguments are not welltaken, and the assignments of error are overruled. The judgment of the trial court is affirmed.
Sain v. Roo, Franklin App. No. 02AP-448, 2003-Ohio-626, at ¶ 12 and 13. (Citation omitted.)
 {¶ 17} The trial court and the Supreme Court of Ohio have each on multiple occasions sanctioned appellant for unwarranted and frivolous filings. The weight of the evidence in the form of the procedural history and substance of this case simply supports the trial court's conclusion that some restraint is appropriate upon appellant's conduct of this litigation and that application of the vexatious litigator statute is warranted.
 {¶ 18} Appellant further asserts that the vexatious litigator finding in the present case is improper because it is admittedly based upon the conduct of litigation in a single, albeit protracted, case arising out of the 1998 complaint. Appellant views application of the vexatious litigator statute as necessarily premised upon multiple frivolous case filings. The clear language of R.C. 2323.52 rebuts this contention; the statute explicitly refers to the "civil action or actions" (emphasis added) in which the vexatious conduct occurs. This court has specifically found that separate, repetitive actions are not necessary for a vexatious litigator finding, and such a finding can be based upon actions in a single case. Farley v. Farley, Franklin App. No. 02AP-1046, 2003-Ohio-3185, at ¶ 48. ("Mr. Farley's behavior in just the single case currently before us is clearly within the purview of R.C. 2323.52.") See also,Borger v. McErlane, Hamilton App. No. C-010262, 2001-Ohio-4030. (It is the nature of the conduct, not the number of actions, that determines whether a person is a vexatious litigator.)
 {¶ 19} The trial court's finding that appellant has engaged in habitually persistent vexatious conduct is supported by the record in this case. Appellant's third assignment of error is accordingly overruled.
 {¶ 20} Appellant's fourth assignment of error asserts that the trial court erred in denying his own motion for sanctions brought early in his defense of the vexatious litigator complaint. The outcome of the action, without further discussion being necessary, supports the trial court's denial of appellant's motion for sanctions. Appellant's fourth assignment of error is accordingly overruled.
 {¶ 21} In summary, appellant's four assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas adjudicating appellant to be a vexatious litigator is affirmed.
Judgment affirmed.
Bryant and Lazarus, JJ., concur.
[1] Appellant attempts to argue in this case, without a procedural history or facts to support such a position, that it was in factappellee that prolonged the case through motion practice and appeal after the trial court's final judgment. That would indeed present a difficult question in relation to the one-year statute of limitations of R.C.2323.52(B): That is, whether a party could revive its opportunity to bring a vexatious litigator action by filing subsequent motions in the trial court purely for purposes of establishing that the civil action was still "pending." In such a case, it would not be the purported vexatious litigator's actions that had kept the case open, and a different conclusion as to the time limits of the vexatious litigator action might be reached.