[Cite as *Wiltz v. Miller*, 2025-Ohio-1325.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| CASSANDRA WILTZ, ET AL | : | Hon. William B. Hoffman, P.J. |
| | : | Hon. Robert G. Montgomery, J. |
| Plaintiffs-Appellants | : | Hon. Kevin W. Popham, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 24CAE 08 0051 |
| DR. CHAD MICHAEL MILLER, ET AL | : | |
| | : | |
| Defendants-Appellees | : | OPINION |

CHARACTER OF PROCEEDING:     Appeal from the Delaware County Court of
                            Common Pleas, Case No. 24-CVH-04-0331

JUDGMENT:                   Affirmed

DATE OF JUDGMENT ENTRY:     April 11, 2025

APPEARANCES:

For Plaintiffs-Appellants                For Defendants-Appellees

CASSANDRA WILTZ, PRO SE                  BOBBIE S. SPRADER
P.O. Box 64                              191 W. Natonwide Blvd., Ste. 200
Delaware, OH 43015                       Columbus, OH 43215

*Popham, J.,*

{¶1}　Appellant appeals the July 23, 2024, judgment entry of the Delaware County Court of Common Pleas granting appellees' motion for judgment on the pleadings.  The judgment declares appellant a vexatious litigator pursuant to Ohio's vexatious litigator statute and imposes filing limitations on her in future litigation.

*Facts & Procedural History*

{¶2}　On April 1, 2024, appellant Cassandra Wiltz filed a complaint, on her own behalf and purportedly on behalf of the Estate of Dan Burnett ("Burnett"), against appellees Dr. Chad Miller, OhioHealth Riverside Hospital ("OhioHealth"), Elizabeth Wipper, Kay Goodall, Valerie Toivonen, and Deborah Reynard.  Appellant also included as defendants members of Burnett's family, Gloria Caldwell and Dawn Burnett.  Appellant characterizes her complaint as a "medical negligence" complaint.  The facts appellant averred in the complaint are voluminous, but primarily focus on appellees' allegedly negligent medical treatment of appellant and Burnett.  She averred that appellees failed to properly diagnose her and Burnett due to their shared persistent swallowing problems.  She asserted claims for negligence, gross negligence, patient abandonment, and intentional infliction of emotional distress.  The alleged non-medical acts of negligence include:  various defendants obstructing delivery of U.S. mail to appellant, various defendants ordering the death of Burnett in order to make fraudulent claims to the Delaware County Probate Court, various defendants impersonating Burnett on the phone in an attempt to convince appellant not to come to the hospital, various defendants preparing a death certificate that contained knowingly false information about Burnett's

cause of death, and various defendants subjecting appellant to verbal racial attacks and physical assaults in an effort to keep her out of Burnett's hospital room.

{¶3} Four days prior to the filing of the complaint in this case, appellant filed nearly identical claims in federal court. Appellant filed the federal case against the same defendants as in this case and the "Statement of Claim" in the federal case mirrors the facts alleged in the complaint in this case.

{¶4} Appellant filed an amended complaint in this case on April 9, 2024. She included the same causes of action, but included additional "facts," primarily about the alleged wrongful cremation of Burnett and the alleged burglary of appellant's home by Burnett's family members.

{¶5} Appellees filed an answer to the amended complaint on April 23, 2024. Appellees also filed a counterclaim, seeking to have appellant declared a vexatious litigator pursuant to R.C. 2323.52. Appellees alleged that, since at least 2009, appellant has engaged in vexatious conduct as defined in R.C. 2323.52(A)(2).

{¶6} On May 29, 2024, appellees filed a motion to deem requests admitted due to appellant's failure to answer the requests for admissions. The trial court granted the motion. Appellees filed a motion for judgment on the pleadings as to their counterclaim on June 11, 2024. Appellant did not respond to the motion.

{¶7} On June 26, 2024, appellant filed a "Motion to Compel," asking the trial court to order appellees to provide her with copies of everything appellees had filed in the case. The trial court denied the motion on July 18, 2024, finding the service by appellees complied with Civil Rule 5.

{¶8} The trial court issued a judgment entry on July 23, 2024, granting appellees' motion for judgment on the pleadings and declaring appellant a vexatious litigator. The trial court included a chart of 41 cases filed by appellant in state and federal courts in Ohio, noting that, of the cases that have concluded, all were either dismissed or resulted in a judgment for the defendant, and appeals by appellant were unsuccessful. These cases began in 2009 and continued through 2024. Three of the cases were filed in federal court, six of the cases were filed in common pleas courts, six were filed with the Court of Claims, 20 of the cases were filed in appellate courts, and six of the cases were filed with the Supreme Court of Ohio. The trial court took judicial notice of the cases listed pursuant to this Court's precedent. The trial court specifically stated it did not consider the cases filed by appellant in federal court or the Supreme Court of Ohio because those courts are not listed in the vexatious litigator statute. However, the trial court considered the evidentiary relevance of the federal court and Supreme Court cases in evaluating appellant's vexatious conduct.

{¶9} The trial court explained that appellant's recent cases share a common fact pattern. They focus on the alleged failure by the defendants to diagnose and treat appellant for cancer and various digestive-tract disorders, the alleged failure on the part of various defendants to maintain accurate medical records, and the alleged failure to provide those records to appellant in accordance with Ohio and federal law.

{¶10} The trial court concluded the following conduct of appellant was vexatious: filing claims and motions that are not supported by facts or law; engaging in motion practice for the purpose of delay; and filing volumes of cases to serve little purpose other

than to harass the defendants. The trial court declared appellant a vexatious litigator pursuant to R.C. 2323.52.

{¶11} Appellant appeals the judgment entries of the Delaware County Court of Common Pleas and assigns the following as error:

{¶12} "I. THE COURT MADE DECISIONS THAT WERE RETALIATORY, ARBITRARY, CAPRICIOUS, UNREASONABLE, AND INCONSISTENT WITH COURT RULES (AND THAT WERE PART OF THE COURT'S PARTICIPATION IN A 42 USC SECTION 1983 CONSPIRACY AGAINST THE PLAINTIFF) AND THE COURT ABUSED ITS DISCRETION AND ENGAGED IN EXTREME MISCONDUCT WHEN IT MADE A 6/26/24 DECISION THAT GRANTED THE DEFENDANTS MOTION TO DEEM THE ALLEGATIONS IN THEIR COUNTERCLAIM TO BE 'ADMITTED' (EVEN THOUGH THE COURT WAS AWARE THAT THE PLAINTIFF HAD NEVER BEEN SERVED WITH THE COUNTERCLAIM AND HAD NEVER SEEN IT) AND MADE A 7/23/24 DECISION THAT (FIRST) HEARD AND GRANTED THE DEFENDANTS' 6/11/24 MOTION – REQUEST AND COUNTERCLAIM – REQUEST AND COUNTERCLAIM REQUEST THAT THE PLAINTIFF BE DECLARED TO BE A VEXATIOUS LITIGATOR (EVEN THOUGH THE COURT WAS AWARE THAT THE PLAINTIFF HAD NEVER BEEN SERVED WITH THE 6/11/24 MOTION OR COUNTERCLAIM, HAD NEVER SEEN THEM, AND DID NOT KNOW THAT DEFENDANTS HAD MADE A REQUEST TO DECLARE HER TO BE A VEXATIOUS LITIGATOR) AND THAT (THEN) STATED THAT IT WOULD NOT HEAR THE PLAINTIFF'S WELL-PLED 4/9/24 COMPLAINT FOR CASE NO. 24-CVH-04-331 AND DISMISSSED THE COMPLAINT (WHILE INAPPROPRIATELY JUSTIFYING THESE ACTIONS ON THE BASIS OF A CLAIM THAT THE COURT HAD ALREADY

HEARD THE DEFENDANTS' COUNTERCLAIM AND HAD DECLARED THE PLAINTIFF TO BE A VEXATIOUS LITIGATOR WHO WOULD NOT BE ALLOWED TO PARTICIPATE IN PROCEEDINGS HELD IN A STATE COURT)."

{¶13} "II. THE PLAINTIFF WAS DENIED HER CONSTITUTIONAL RIGHTS (TO BE AFFORDED A DUE-PROCESS RIGHT TO BE HEARD, TO HAVE A DUE-PROCESS RIGHT TO BE HEARD IN FRONT OF AN UNBIASED DECISION-MAKER, TO HAVE A DUE-PROCESS RIGHT TO REQUEST A TRIAL-BY-JURY FOR CHARGES MADE AGAINST HER, AND TO BE ABLE TO HAVE ACCESS TO OHIO COURTS), WHEN JUDGE GORMLEY DECLARED HER TO BE A VEXATIOUS LITIGATOR ON 7/23/24 (WHILE CLAIMING THAT SHE DID NOT ANSWER THE COUNTERCLAIM THAT REQUESTED THAT SHE BE DECLARED A VEXATIOUS LITIGATOR AND WAS, THEREFORE IN DEFAULT), DISMISSED CASE NO. 24-CVH-04-0331 ON 7/23/24 THAT WAS NEVER HEARD BY ANY COURT (SOLELY BECAUSE HE HAD DECLARED HER TO BE A VEXATIOUS LITIGATOR), AND BLOCKED HER ACCESS TO OHIO COURTS, EVEN THOUGH HE KNEW THAT THE PLAINTIFF WAS UNAWARE THAT A COUNTERCLAIM-REQUEST HAD BEEN MADE TO DECLARE HER TO BE A VEXATIOUS LITIGATOR AND THAT THE PLAINTIFF HAD NOT ANSWERED THE COUNTERCLAIM 'BECAUSE OF THE UNAWARENESS'."

{¶14} "III. AFTER THE PLAINTIFF BROUGHT ERRORS AND ISSUES OF MISCONDUCT CRIMES AND JUDICIAL BIAS (IN FAVOR OF DEFENDANTS) RELATED TO JUDGE GORMLEY'S DISMISSAL OF CASE NO. 23-CVH-07-0523 TO THE ATTENTION OF THE OHIO SUPREME COURT, AFTER THE PLAINTIFF ASKED THE OHIO SUPREME COURT TO DISQUALIFY JUDGE GORMLEY FROM BEING THE

JUDGE FOR CASE NO. 24-CVH-04-0331, AND AFTER THE SUPREME COURT MADE A DECISION INDICATING THAT IT WOULD NOT DISQUALIFY JUDGE GORMLEY AND THAT 'WHETHER JUDGE GORMLEY MADE ERRORS WHEN HE DISMISSED CASE NO. 23-CVH-07-0523 WOULD BE DECIDED BY THE FIFTH DISTRICT COURT OF APPEALS, WHEN THAT COURT HEARD CASE NO. 23-CAE-011-0097,' JUDGE GORMELY RETALIATED AGAINST THE PLAINTIFF (FOR BRINGING MATTERS TO THE ATTENTION OF THE SUPREME COURT), ENGAGED IN MORE MISCONDUCT AND IN A COVER-UP OF HIS MISCONDUCT/CRIMES, DEMONSTRATED HIS BIAS IN FAVOR OF THE DEFENDANTS, AND MADE A DECISION THAT WAS ARBITRARY, CAPRICIOUS, UNREASONABLE, AND ABUSIVE. HE DID THESE THINGS BY MAKING A 7/23/24 DECISION FOR CASE NO. 24-CVH-04-0331 THAT FIRST UNJUSTIFIABLY DECLARED THE PLAINTIFF TO BE A VEXATIOUS LITIGATOR AND THEN DISMISSED CASE NO. 24-CVH-04-0331 (SOLELY BECAUSE OF THE EXISTENCE OF THE VEXATIOUS LITIGATOR DECISION) AND BY CAUSING (WITH THE HELP OF OTHERS) THE FIFTH DISTRICT COURT OF APPEALS TO REFUSE TO HEAR CASE NO. 23-CAE-011-0097, TO DISMISS IT, AND TO INDICATE THAT THE DISMISSAL COULD NOT BE APPEALED (ALSO SOLELY BECAUSE OF THE EXISTENCE OF THE VEXATIOUS LITIGATOR DECISION)."

{¶15} "IV. JUDGE GORMLEY MADE A 7/23/24 DECISION THAT DECLARED THE PLAINTIFF TO BE A VEXATIOUS LITIGATOR THAT IS ARBITRARY, CAPRICIOUS, AND UNREASONABLE, THAT IS NOT BASED UPON TRUE FACTS ABOUT THE PLAINTIFF'S LITIGATION HISTORY AND BEHAVIOR, THAT IS NOT SUPPORTED BY THE CONTENTS OF PUBLIC COURT RECORDS, THAT IS

(INSTEAD) BASED UPON JUDGE GORMLEY'S FABRICATIONS, AND INTENTIONALLY MISLEADING CLAIMS ABOUT THE PLAINTIFF'S HISTORY, ABOUT THE PLAINTIFF'S BEHAVIOR, AND ABOUT WHAT IS IN COURT RECORDS, AND THAT IS ADDITIONAL EVIDENCE OF JUDGE GORMLEY'S BIAS AGAINST THE PLAINTIFF."

{¶16} "V. JUDGE GORMLEY ERRED AND DID NOT HAVE THE AUTHORITY TO MAKE THE 7/23/24 DECISION THAT DECLARED THE PLAINTIFF TO BE A VEXATIOUS LITIGATOR, BECAUSE THE DEFENDANTS COMMENCED THEIR VEXATIOUS LITIGATOR PROCEEDINGS ON 4/23/24 REQUEST (AS WELL AS THE DECISION FOR THE REQUEST) IS BASED ON ALLEGED VEXATIOUS BEHAVIOR THAT OCCURRED DURING LAWSUITS/CASES THAT TERMINATED IN 2020, 2021, AND 2022 (AND EARLIER YEARS AND ORC 2323.52 DICTATES THAT SUCH REQUESTS CAN ONLY BE BASED UPON LAWSUITS/CASES THAT TERMINATED 'NOT MORE THAN ' ONE YEAR PRIOR TO THE INITIATION OF THE PROCEEDINGS. FURTHERMORE, OHIOHEALTH RIVERSIDE METHODIST HOSPITAL (WHO COMMENCED THE VEXATIOUS LITIGATOR ACTION) IS NOT A 'PERSON' AND (THEREFORE) CANNOT COMMENCE A VEXATIOUS LITIGATOR ACTION (ACCORDING TO ORC 2323.52)). DEFENDANTS MILLER, WIPPER, GOODALL, TOIVONEN, AND REYNARD CANNOT COMMENCE SUCH A CIVIL ACTION BECAUSE THEY HAVE NEVER DEFENDED AGAINST PERSISTENT AND HABITUAL VEXATIOUS CONDUCT (BY THE PLAINTIFF), IN ANY COURT AND AT ANY TIME, WHICH ORC 2323.52(B) DICTATES IS A PREREQUISITE FOR COMMENCING A VEXATIOUS LITIGATOR ACTION."

*Standard of Review*

**{¶17}** Motions for judgment on the pleadings are governed by Civil Rule 12(C), which provides, "after the pleadings are closed but within some time as not to delay the trial, any party may move for judgment on the pleadings." Pursuant to Civil Rule 12(C), dismissal is only appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565 (1996).

**{¶18}** Our appellate standard of review on a Civil Rule 12(C) motion is de novo. *Columbus v. Sanders*, 2012-Ohio-1514 (5th Dist.). Under a de novo analysis, we must accept all factual allegations in the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Kramer v. Installations Unlimited, Inc.*, 2002-Ohio-1844 (5th Dist.).

I.

**{¶19}** In her first assignment of error, appellant argues the trial court committed error in granting appellees' motion to deem requests admitted, and in denying her motion to compel.

**{¶20}** Appellant filed a notice of appeal, seeking to appeal multiple judgment entries. Appellant filed an "Application for Order Granting Plaintiff Leave to Open New Appeal Case and to File Notice of Appeal." In a September 25, 2024, judgment entry, this Court granted appellant's motion in part and denied appellant's motion in part. We stated, "appellant is granted leave to file a notice of appeal as to the trial court's order

declaring her to be a vexatious litigator only.  The order she may appeal is dated July 23, 2024."  Appellant appealed this Court's determination to the Supreme Court of Ohio, arguing her due process rights were violated because she had not been served with the counterclaim and/or other motions filed by appellees.  In *Wiltz v. Miller*, 2025-Ohio-231, the Supreme Court declined jurisdiction of appellant's appeal.

{¶21}  The arguments contained in appellant's first assignment of error concern issues and judgment entries that are beyond the scope established for this appeal.  The arguments rejected by the trial court in its judgment entries on the motion to compel and the motion to deem requests for admissions admitted are not properly before this Court in this appeal because this appeal is limited to the July 23, 2024, judgment entry only.  Appellant's first assignment of error is overruled.

II.

{¶22}  In her second assignment of error, appellant contends the trial court committed error in declaring her a vexatious litigator because she was denied due process.

{¶23}  Appellant first contends she was denied due process because she did not receive notice of the motion for judgment on the pleadings or the answer.  However, this issue was specifically addressed by the trial court in its July 18, 2024, judgment entry denying her motion to compel.  The only judgment entry at issue in this case is the July 23, 2024, judgment entry declaring appellant a vexatious litigator, and we decline to address the findings contained in the July 18, 2024, judgment entry, as it is beyond the scope established for this appeal.

{¶24} Further, the certificate of service on both the motion and the answer provide, "a copy of the foregoing [motion/answer] was served via electronic mail and/or regular mail U.S. mail, postage prepaid . . . ," and specifically lists the address to which appellees served the documents. The certificate of service on appellees' filings complies with the Civil Rules (service pursuant to Civil Rule 5 may be made by "mailing it to the person's last known address by United States mail, in which event service is complete upon mailing"). This comports with due process requirements. *Rachel v. Rachel*, 2013-Ohio-3692 (5th Dist.).

{¶25} All of the pleadings by appellees and the correspondence from the trial court were sent to the address appellant listed on her complaint, her amended complaint, and every other document she has filed. Upon review of the record, this address is also listed on appellant's medical records, including her prescription medications. Additionally, the numerous documents filed by appellant clearly indicate she knew the documents she contends she has never seen had been filed. She claims she went to the Delaware County Clerk of Courts and discovered the dates and names of the documents filed, but did not want to pay for copies of the documents. As this Court has previously informed appellant in prior judgment entries, a court order is unnecessary to obtain copies from the clerk, and filings are available to view on the clerk's website.

{¶26} In this assignment of error, appellant also contends the trial court's finding that she is a vexatious litigator improperly prevented her complaint from being heard by a jury and/or this vexatious litigator designation has denied her due process because she is now denied access to the courts. We disagree. The Supreme Court of Ohio has fully addressed these issues. In *Mayer v. Bristow,* 91 Ohio St.3d 3 (2000), the Supreme Court

held, "R.C. 2323.52, the vexatious litigator statute, is constitutional in its entirety." The Court specifically upheld "the constitutionality of . . . R.C. 2323.52, by rejecting claims that the statute violated constitutional rights to due process and access to courts." *State ex rel. Lisboa v. Fuerst*, 2012-Ohio-3913, ¶ 1. To the extent that appellant argues she was denied due process because she was entitled to a hearing before the trial court determined her to be a vexatious litigator, R.C. 2323.52 does not require the trial court to hold a hearing before declaring a person to be a vexatious litigator. *Pierce v. Workman*, 2023-Ohio-2022 (3rd Dist.). Accordingly, appellant's due process and other constitutional challenges to R.C. 2323.52 lack merit.

{¶27} Appellant's second assignment of error is overruled.

### III. & IV.

{¶28} In her third and fourth assignments of error, appellant argues: (1) the trial court judge was biased against her and issued the vexatious litigator declaration as retaliation for her filing an Affidavit of Disqualification against the judge with the Supreme Court of Ohio; (2) the trial court judge made false and misleading claims in the July 23, 2024, judgment entry; and (3) the vexatious litigator determination was arbitrary, capricious, and not supported by facts or evidence.

*Judicial Bias / False or Misleading Claims*

{¶29} Appellant contends the trial court's vexatious litigator finding was the product of bias and/or retaliation. Further, that the trial judge made "false and misleading claims" in the July 23, 2024, judgment entry. She asks that the vexatious litigator declaration be reversed because it was due to the trial court's alleged bias and/or in retaliation against her, or improperly based upon "false claims."

{¶30} A reviewing court begins with the presumption that a judge is unbiased and unprejudiced in the matters over which he or she presides, and "the appearance of bias or prejudice must be compelling in order to overcome the presumption." *State v. Filous*, 2016-Ohio-8312, ¶ 14 (8th Dist.). The burden to overcome that presumption is on the party seeking to establish bias. *State v. Haudenschild*, 2024-Ohio-407 (5th Dist.).

{¶31} Judicial bias is defined as "a deep-seated favoritism or antagonism that makes fair judgment impossible." *State v. Elkins*, 2024-Ohio-5351, ¶ 12 (6th Dist.), quoting *Jackson v. Cool*, 111 F.4th 689, 696 (6th Cir. 2024). It has also been described as "a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts." *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463 (1956). Judicial bias is assessed using an objective standard. *State ex rel. Meyers Lake v. Michel*, 2025-Ohio-384 (5th Dist.).

{¶32} Appellant's argument is essentially that the trial judge was biased against her and engaged in retaliation because he declared her a vexatious litigator and because of his decisions in a previous case initiated by appellant. We disagree. There is nothing in the July 23, 2024, judgment entry that is indicative of a hostile feeling or spirit of ill will toward appellant. The trial judge simply ruled on the motion presented to him, and explained his decision in the customary matter of reviewing facts and relevant law.

{¶33} Further, "opinions formed by the judge based on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a

deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at ¶ 35. In this case, the trial judge looked at previous proceedings only so far as they were relevant to the determination under R.C. 2323.52. Pursuant to the language of the statute and the relevant case law, these proceedings are relevant to a determination as to whether a person should be deemed to be a vexatious litigator. None of the statements contained in the judgment entry reveal a deep-seated favoritism or antagonism that makes fair judgment impossible, and the statements do not demonstrate that the proceeding lacked integrity such that a fair hearing was impossible.

{¶34} We likewise find the record does not demonstrate that the trial judge retaliated against appellant for filing the Affidavit of Disqualification. Rather, the trial judge ruled on the motion presented to him pursuant to the relevant statute and applicable case law.

{¶35} Similarly, upon our review of the record, we find no false or misleading facts were utilized by the trial judge. The facts and information contained in the judgment entry are supported by the record, and/or is information the trial court, and this Court, can properly take judicial notice of. *Helfrich v. Madison*, 2012-Ohio-551 (5th Dist.) (trial court can take notice of court's docket); *Caghan v. Caghan*, 2015-Ohio-1787 (5th Dist.) (both the trial court and appellate court can take judicial notice of court filings and records which are readily accessible from the internet, including findings and judgments rendered in other Ohio cases); *State ex rel. Scott v. Cleveland*, 2006-Ohio-6573 (courts may take judicial notice of appropriate matters in determining Civil Rule 12(B)(6) motion without converting it to a motion for summary judgment).

**{¶36}** Based on the record, appellant has failed to establish the judge's actions were retaliatory or a product of bias against her, or that the judge utilized any false or misleading facts.

*Vexatious Litigator Determination*

**{¶37}** In her third and fourth assignments of error, appellant contends the trial court's vexatious litigator determination was arbitrary, capricious, and not supported by facts or evidence in the record. Appellees filed a counterclaim seeking to declare appellant a vexatious litigator. This Court has held a party may file a counterclaim seeking to have a person declared a vexatious litigator. *Castrataro v. Urban*, 2003-Ohio-6953 (5th Dist.).

**{¶38}** R.C. 2323.52(A)(3) defines a vexatious litigator as a "person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of appeals, court of common pleas. . . whether the person or another person instituted the civil action or actions, and whether the vexatious conduct was against the same party or against different parties in the civil action or actions."

**{¶39}** "Vexatious conduct" is defined in R.C. 2323.52(A)(2) as:

Conduct of a party in a civil action that satisfies any of the following:

(a) The conduct obviously serves merely to harass or maliciously injure another party to the civil action.

(b) The conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.

(c) The conduct is imposed solely for delay.

**{¶40}** Vexatious conduct is not assessed under the subjective opinion of the vexatious litigator regarding his or her own intentions. *Prime Equip. Group, Inc. v. Schmidt*, 2016-Ohio-3472 (10th Dist.). Rather, we examine the objective character of the conduct. *Id.* at ¶ 41.

**{¶41}** We find the trial court did not commit error in finding appellant habitually and persistently engaged in vexatious conduct. Appellant has brought numerous lawsuits against OhioHealth in different courts, all based on its alleged malpractice. These allegations began in a 2019 case filed against OhioHealth and other defendants in the Cuyahoga County Court of Common Pleas. Appellant claimed OhioHealth failed and refused to diagnose and treat her cancer and paraneoplastic syndrome, delayed the diagnosis of these conditions, and misdiagnosed these conditions. The case against OhioHealth was dismissed for the failure to file an affidavit of merit. Appellant filed an appeal, arguing multiple issues, including that various defendants failed to serve her with pleadings and failed to provide her with her medical files, even though she was able to attach medical records to her voluminous filings. *Wiltz v. Cleveland Clinic*, 2021-Ohio-62 (8th Dist.). The Eighth District affirmed the trial court's dismissal of the case.

**{¶42}** In 2023, Appellant filed a complaint against OhioHealth in the Delaware County Court of Common Pleas, again arguing the hospital failed to diagnose her swallowing disorder and falsified medical records. The trial court granted OhioHealth's motion for judgment on the pleadings for the failure to file an affidavit of merit. Appellant appealed to this Court, and we dismissed the appeal. In this case, appellant alleges medical negligence against OhioHealth based upon her own treatment and the alleged

treatment of Burnett, along with claims about medical records violations, including alleged falsified medical records. She claims both she and Burnett were not treated for swallowing problems. By the time she filed this case in 2023, her claims had been rejected multiple times by other courts, dating back to 2019. This conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.

{¶43} Appellant additionally filed cases alleging the same failure to diagnose, failure to treat, failure to provide her with medical records, and fraudulently altering medical records, against defendants other than OhioHealth. The plaintiff in the vexatious litigator action need not be a party to all cases relied on. *McGee v. Pond*, 2024-Ohio-2225 (5th Dist.).

{¶44} In 2019, appellant filed a complaint against the Ohio State University in the Court of Claims. The Court of Claims dismissed her complaint for the failure to file an affidavit of merit. A subsequent appeal to the Tenth District Court of Appeals was dismissed via judgment entry due to the untimely filing of the appeal. Appellant filed another complaint in 2021 in the Court of Claims against the Ohio State University, alleging it was a "re-filing" of her 2019 complaint. The Court of Claims dismissed the complaint, finding it was barred by the statute of limitations. Appellant filed an appeal of the dismissal, which was affirmed by the Tenth District based on the statute of limitations and failure to file affidavit of merit. *Wiltz v. Ohio State Univ. Wexner Medical Ctr.*, 2022-Ohio-4533 (10th Dist.). Appellant filed a complaint in 2021 in the Court of Claims alleging the Ohio State University altered her medical records, failed to provide her medical records, and failed to render her medical care. The matter was tried to a magistrate and

affirmed by the judge, finding no failure by the defendants to provide medical treatment, and no evidence of the alleged cancer diagnosis.

{¶45} Appellant filed her next Court of Claims complaint in 2022 against the Ohio State University and the Ohio Department of Medicaid, again alleging the failure to diagnose and alleging the hospital and its employees fabricated entries in her medical records. The case was dismissed after appellant was declared a vexatious litigator in this case. Appellant filed another case in the Court of Claims in 2023 making the same allegations that was dismissed when appellant was declared a vexatious litigator in this case. These cases demonstrate that appellant re-raises arguments which have been rejected by courts repeatedly. "The consistent repetition of arguments and legal theories that have been rejected by the trial court numerous times can constitute vexatious litigation." *State v. West*, 2022-Ohio-2060 (2nd Dist.). These claims are not supported by facts or law.

{¶46} Further, as to both OhioHealth and the remainder of appellees, "the assessment of a litigant's vexatiousness is not based solely on the number of cases he has filed but also on the repetitiveness of the arguments raised." *State ex rel. Johnson v. Bur. of Sentence Computation*, 2020-Ohio-999. As this Court has held, "separate, repetitive actions are not necessary for a vexatious finding, and such finding can be based upon actions in a single case." *Caghan* at ¶ 82. Appellant's conduct is "vexatious" within the meaning of the statute, in that "the conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law." It is also "vexatious" as some of it is "imposed solely for delay." *Id.*; *Helfrich* at ¶ 53. There is overwhelming evidence that appellant habitually files

unnecessary, inappropriate, and supernumerary pleadings and motions. These motions are not supported by facts or law, and serve little purpose other than to harass appellees.

{¶47} Additionally, in each of these cases, appellant makes arguments that are not supported by the law, claiming that defendants and/or courts failed to serve her with filings. These allegations frequently include allegations of obstruction of her mail delivery and, in this case, appellant alleges that appellees obstructed her mail delivery by conspiring with the agents of the U.S. Postal Service. These allegations regarding alleged lack of service are frequently used as a justification for relief from adverse decisions, for reconsideration, or to delay decisions on motions. We agree with the trial court that this conduct is imposed solely for delay and/or to harass appellees.

{¶48} Further, appellant filed an action in federal court mirroring the facts and circumstances in this case. Although this filing cannot serve as the predicate action for declaring appellant a vexatious litigator, it does have evidentiary relevance in determining whether appellant's conduct served merely to harass or maliciously injure another party. *Ferrero v. Staats*, 2018-Ohio-3235 (5th Dist.).

{¶49} In reaching its conclusion, the trial court thoroughly reviewed appellant's history of filing cases which were not warranted under existing law and could not be supported by a good-faith argument for extension, modification, or reversal of existing law. The trial court also reviewed appellant's conduct in connection with those cases, and found her claims and motions are not supported by the facts or law, are done for the purpose of delay, and serve little purpose other than to harass appellees. In making its determination, the trial court properly relied on the objective character of appellant's conduct. We find no error in the trial court's conclusion.

**{¶50}** Upon our review of the record, we agree with the trial court. In reviewing the cases cited by appellees and the trial court, we agree appellant's filings constitute persistent and habitual conduct done without reasonable grounds. Appellant's third and fourth assignments of error are overruled.

V.

**{¶51}** In her final assignment of error, appellant contends: (1) OhioHealth is a corporation, not a person, so it cannot commence a vexatious litigator action; (2) the remaining appellees cannot institute a vexatious litigator action because this is the first time appellant has sued them; and (3) the trial court improperly based its determination on cases in 2020, 2021, and 2022, which were terminated more than one year prior to the vexatious litigator determination.

**{¶52}** Appellant argues that OhioHealth cannot properly move to declare her a vexatious litigator because only a "person" can commence a vexatious litigator action pursuant to R.C. 2323.52(B). We disagree. OhioHealth is a corporation and thus is a party authorized to commence a suit under R.C. 2323.52. *Cent. Ohio Transit Auth. v. Timson*, 132 Ohio App.3d 41 (10th Dist. 1998). "A corporation may sue and be sued." R.C. 1701.13(A). Further, a "'person' includes an individual, corporation, business trust, estate, trust, partnership, and association." R.C. 1.59(C). Accordingly, OhioHealth was authorized to file the counterclaim to have appellant declared a vexatious litigator pursuant to the statute.

**{¶53}** We likewise find appellant's argument that since the remaining appellees had not been previously sued by her, they could not commence a vexatious litigator action against her because they have not "defended against habitual and persistent vexatious

conduct" as required by R.C. 2323.52, to be unpersuasive. This Court has specifically held that whether a vexatious litigator finding is made based on conduct in a single case or across multiple cases, the plaintiff in the vexatious litigator action need not be a party to all cases relied on. *McGee* at ¶ 41. To reach this conclusion, we applied the language of R.C. 2323.52 which specifies that a complaint may be based on "conduct" that "was against the same party or against different parties in the civil action or actions." *Id.* Thus, the fact that the appellees other than OhioHealth had not been previously sued by appellant is not dispositive on the issue of vexatious conduct.

{¶54} Finally, appellant contends the language contained in R.C. 2323.52 ("may commence this civil action while the civil action or actions in which the habitual and persistent vexatious conduct occurred are still pending or within one year after the termination of the civil action or actions in which the habitual and persistent vexatious conduct occurred") prevents the trial court and this Court from considering the actions she filed in 2020, 2021, and 2022 in the vexatious litigator determination because these actions were not pending within one year of the time of the vexatious litigator determination.

{¶55} We disagree with appellant. While R.C. 2323.52(A) does state the vexatious litigator complaint must be filed within one year of the termination of the action involving the plaintiff, the statute "does not address the use of conduct from older cases. As within any other type of action, there is no authority for the proposition that the statute of limitation that sets a filing deadline must also automatically restrict the chronological scope of the evidence relied on in assessing the [vexatious] conduct." *Prime Equip. Group, Inc.* at ¶ 20; *Roo v. Sain*, 2005-Ohio-2436 (10th Dist.) ("termination" does not

occur until all proceedings in the case have terminated, not just trial court proceedings). Appellant presents no authority for the proposition that the trial court cannot rely on conduct occurring in cases that terminate more than one year before appellees filed their vexatious litigator counterclaim. In fact, the legal authority holds otherwise. *Prime Equip. Group, Inc.* at ¶ 19 (no restriction on trial court's reliance on conduct in cases terminating more than one year before vexatious litigation complaint); *Roo* at ¶ 13.

**{¶56}** Appellant's fifth assignment of error is overruled.

**{¶57}** Based on the foregoing, appellant's assignments of error are overruled. The July 23, 2024, judgment entry of the Delaware County Court of Common Pleas is affirmed.

By Popham, J.,

Hoffman, P.J. and

Montgomery, J., concur